February 15, 1910. The opinion of the Court was delivered by
This is an appeal from an order sustaining a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, as to the defendant C.H. Carpenter.
The complaint sets forth two causes of action — the first against the defendant A.C.L.R. R. Co. alone, and the second against the said railroad company and the defendant Carpenter. In each, damages are sought for the destruction of same property by the same fire.
The second cause of action (omitting the formal parts thereof) is as follows:
"That at the times hereinafter mentioned, the defendant, C.H. Carpenter, was and is a resident of the county of Lee, said State, and was in the employ of the defendant, Atlantic Coast Line Railroad Company, as section master or section boss, and was the agent and servant having supervision and control over that part of defendant, Atlantic Coast Line Railroad Company's road and right-of-way, which passed through the said town of Elliotts, South Carolina, and it was also his duty and the duty of the defendant,Atlantic Coast Line Railroad Company, to see that the right-of-way of the said defendant railroad company, in and near the town of Elliotts, S.C. and near to and adjoining the property of the plaintiffs aforesaid, was kept clear and free from combustible and inflammable matter, so that the sparks from locomotive engines of the defendant, *Page 548 
Atlantic Coast Line Railroad Company, falling on the said right-of-way, would not kindle and ignite and cause fires to spread to the adjoining property, and damage and injure abutting property owners, by consuming and destroying their property, but contrary to their duty, the said defendants,Atlantic Coast Line Railroad Company and C.H.Carpenter, carelessly, negligently, recklessly, wilfully and wantonly allowed the right-of-way near to, and adjoining the property of the plaintiffs, to grow up in bushes, weeds, grass and other vegetable matter, and when the same was killed by the frost of the winter and became dry, very inflammable and combustible, the said defendants, in spite of, and notwithstanding the fact that the season was unusually dry and windy, and that high winds frequently blew from said right-of-way, directly towards the property of the plaintiffs, and notwithstanding that the said defendants knew that the said right-of-way, near to and adjoining the property of the plaintiffs, had accumulated with much trash, inflammable and combustible matter, and notwithstanding thatthey knew that the same had caught fire several different times, before the fire hereinafter mentioned, and was in a condition of great danger and menace, to the said property of the plaintiffs, the said defendants further carelessly negligently, recklessly wilfully and wantonly, and contrary totheir duty to the public and to the plaintiffs, failed to remove said dry and combustible and inflammable matter from the right-of-way of the said company's railroad, near to, and adjoining the property of the plaintiffs, thereby allowing said right-of-way, by their carelessness, negligence. recklessness, wilfulness and wantonness, as aforesaid, to be very easily and readily ignited by sparks from the steam locomotives, passing over said railroad, and with knowledge and notice thereof, so allowed it to remain in said condition of danger and menace to the said property of plaintiffs, continuously during the very dry and windy season, and until the occurrence of the fire hereinafter mentioned. *Page 549 
"That on the morning of the 2d day of November, A.D. 1907, said dry, inflammable and combustible matter which had been carelessly and negligently permitted to remain on said right-of-way of the defendant railroad company, near to, and adjoining the said property of the plaintiffs, as aforesaid, was ignited and fired by sparks from a locomotive belonging to and operated by the defendant, Atlantic Coast Line Railroad Company, which said locomotive, the said defendant railroad company had carelessly, negligently and recklessly failed to provide with the proper, suitable and necessary appliances and apparatus for arresting sparks, and was communicated to the said property of the plaintiffs, adjoining and abutting to said right-of-way of the defendant, Atlantic Coast Line Railroad Company, completely burning up and destroying all of the said buildings, improvements and their contents, including the entire cotton ginnery outfit and all machinery thereof; that the property so destroyed and its value is as follows: One bale seed cotton, of the value of $68.00; five bales of lint cotton, of the value of $250.00; five tons of fertilizer, of the value of $60.00; fifteen cords of wood, of the value of $30.00; one platform, of the value of $50.00; one set scales, of the value of $10.00; one truck, of the value of $3.50; and machinery, of the value of $3,000.00; one building, of the value of $800.00; all to the plaintiff's damages and injury in the sum of four thousand two hundred seventy-one and 50-100 ($4,271.50) dollars; that the burning and destruction of the said property of the plaintiff's was caused by the joint and concurrent
carelessness, negligence, recklessness, wilfulness and wantonness of the defendant, Atlantic Coast Line RailroadCompany and the defendant C.H. Carpenter, in not keeping the right-of-way of said railroad clear and free from said inflammable and combustible matter, and in not providing their said locomotive engines, with the proper appliances for the arresting of sparks, and in allowing the said inflammable and combustible matter on said right-of-way to be *Page 550 
ignited and fired, and in allowing said fire to spread to the property of the plaintiffs aforesaid, to the damage of the plaintiffs in the sum of four thousand two hundred seventy-one and 50-100 ($4,271.50) dollars.
"Wherefore, the plaintiffs demand judgment against thedefendants for the sum of four thousand two hundred seventy-one and 50-100 ($4.271.50) dollars, together with the costs and disbursements of this action."
The grounds of the demurrer were as follows:
I. "Said complaint, upon its face, states no cause of action against this defendant.
II. "It appears upon the face of the complaint, that no cause of action is alleged against this defendant as an individual, but that all the acts of negligence charged against this defendant, are charged against him as an agent of his codefendant; that is to say, are charged against his codefendant.
III. "That it appears upon the face of said complaint that no acts of negligence are charged against this defendant and his codefendant as joint and concurrent acts of tort or negligence."
The relation which the defendant sustained to the public, while discharging the duties of his employment, are thus stated in Mayer v. Thompson Hutchinson Building Co., 38 L.R.A., (Ala.), 433, 436.
"The liability of the principal or master to third persons, does not depend upon any privity between him and such third persons. It is the privity between the master and servant that creates the liability of the master, for injuries sustained by third persons on account of misfeasance or nonfeasance of the servant or agent. It is difficult to apply the same principles which govern in matters of contract, between an agent and third persons, to the torts of an agent which inflict injury on third persons, whether they be of misfeasance or nonfeasance, or to give a sound reason why a person, who acting as principal, would be individually liable *Page 551 
to third persons for an omission of duty, becomes exempt from liability for the same omission of duty because he was acting as servant or agent. The tort is none the less a tort to a third person, whether suffered from one acting as principal or agent, and his rights ought to be the same against the one whose neglect of duty has caused the injury." In a note to this case on pages 433 and 434, after the statement that there are many misleading dicta to the effect that nonfeasance of a servant causing injury to third persons is not generally a ground of action in their favor against the servant, and that these dicta can all be traced to a dictum in a dissenting opinion in Lane v. Cotton, 12 Mod., 488, 1 Ld. Raym., 646, we find the following language: "These dicta and text-book statements, based upon them, have had the pernicious effect of confusing the subject because they do not distinguish between the direct liability of an agent or servant to third persons, for breach of his own duty towards them, and an indirect liability to them for breach of duty to his own employer, and fail to recognize or indicate the fact that an agent or servant may owe duties to third persons, at the same time he owes service to his employer, and that the common duty to regard the rights of our fellowmen is none the less binding upon a person, because he happens to be at the time an agent or servant. An analysis of all the cases on the subject shows, that in almost every instance, negligence of an agent or servant has been held to make him liable to a third person injured thereby, provided he would have been held liable if acting on his own behalf, under circumstances otherwise unchanged. The difficulty seems to vanish almost, if not entirely when the test of liability of an agent or servant to a third person on account of his nonfeasance or negligence, is taken to be his non-performance of a duty toward them. Where such duty and neglect thereof appear, it seems utterly unreasonable to say, that the negligent person shall not be liable, merely because he was the agent or servant *Page 552 
of some other person, to whom he might also be liable. To say that liability for failure to perform a duty toward a person who is injured in consequence, shall not exist, because the guilty person is in the same transaction also guilty of a breach of another and distinct duty to a different person, is to state a proposition condemned by the analogies of the law, as well as by reason."
This language is quoted with approval in the case of Ellis
v. Ry., 72 S.C. 465, 52 S.E., 228.
The allegations in the second cause of action, especially those which we have italicized, clearly show an intention to charge Carpenter with a breach of his duty, and to make him individually liable for such breach.
It is the judgment of this Court that the judgment of the Circuit Court be reversed.