10099

CLARK v. AMERICAN AGRICULTURAL CHEMICAL CO. *ET AL.*

(97 S. E. 705.)

1. REMOVAL OF CAUSES — DIVERSE CITIZENSHIP — IMPROPER JOINDER— MOTIVE.—Motive of plaintiff in joining an impecunious employee as codefendant with a nonresident corporation in a negligence suit is not material upon the question of the right of the corporation to remove the cause to a Federal Court if the defendants are jointly liable under the local laws.

2. REMOVAL OF CAUSES — DIVERSE CITIZENSHIP — IMPROPER JOINDER— MOTIVE. — Complaint of plaintiff employee in action for personal injuries *held* upon its face to show liability on the part of defendant nonresident employer, and its resident codefendant, and that it did not show fraudulent joinder of parties defendant.

Before MAULDIN, J., Charleston, Spring term, 1918. Affirmed.

Action by John T. Clark against American Agricultural Chemical Company and another. Petition of defendant named for removal to the Federal Court overruled, and it appeals.

The complaint stated:

First. That as plaintiff is informed and believes, the defendant above named is now, and at the times hereinafter mentioned was, a corporation organized and doing business under the laws of one of the States of the United States, and as such owns, manages and operates a fertilizer plant, known as the Ashepoo Fertilizer Works, in the county of Charleston, together with all the appurtenances thereto belonging, including a certain tower and the wire guy cables connected therewith.

Second. That as plaintiff is informed and believes, the defendant, Benjamin L. Bradham, is now, and at the times hereinafter mentioned was, a citizen and resident of the State of South Carolina and county and city of Charleston, and an employee of said defendant, American Agricultural Chemical Company.

Third. That on or about the 13th day of October, 1917, the plaintiff above named, John T. Clark, was in the employ of said defendant, American Agricultural Chemical Company, as a laborer, and as such was ordered and directed by said defendant, Benjamin L. Bradham, as a representative of the master, American Agricultural Chemical Company, and as his immediate foreman in charge of the work, to tar a certain wire guy cable forming one of the supports of a tower at the plant of said Ashepoo Fertilizer Works; that in order to perform said work said defendant, Benjamin L. Bradham, fastened a block and tackle to the eyebolt to said cable at the point where it was attached to said tower and said plaintiff made what is known as a boatswain's chair and said block and tackle was attached to said chair, the plaintiff sitting therein, and the said plaintiff got into said boatswain's chair and swung himself off from said tower, the said defendant, Benjamin L. Bradham, in the meantime holding on to said rope for the purpose of letting said plaintiff down along said wire guy cable, as said plaintiff was tarring along said cable. That, just as said plaintiff swung off from said tower said eyebolt holding and fastening said cable to said tower, and which was supporting the chair in which said plaintiff was working, broke, and said plaintiff was thrown with fearful force and violence a distance of about sixty-five feet to the wooden floor of a dock near said tower, was rendered unconscious, had his left knee broken, his skull injured, and his whole body fearfully shocked and bruised. That he was confined in the hospital for a period of one hundred and two days, suffered, still suffers, and always will suffer the most fearful pain and anguish, both physical and mental, and has become partially paralyzed, and has been permanently injured.

Fourth. That the injuries to plaintiff, as aforesaid, were caused by the joint and concurrent carelessness, negligence, recklessness and wantonness of said defendant corporation,

its agents and servants, and the said Benjamin L. Bradham, in the following particulars, to wit:

(a) In failing and omitting to furnish said plaintiff a reasonably safe place to work and reasonably safe appliances to work with.

(b) In failing and omitting to inspect said eyebolt before fastening said rope to it so as to have ascertained the fact that it was worn out and defective.

(c) In ordering and directing said plaintiff to do the work which he was required to perform in a dangerous way instead of a safe way, to wit, by unhooking said cable and allowing it to be tarred on the floor of said dock.

(d) In not having first tested said eyebolt to see whether it would stand the strain of the weight of plaintiff.

Fifth. That by reason of said joint and concurrent carelessness, negligence, recklessness and wantonness of said defendant corporation, its agents and servants, and the said Benjamin L. Bradham, as above set forth, said plaintiff had his left leg broken, his skull injured, has been partially paralyzed, suffered, still suffers and always will suffer, the most fearful and excrutiating physical and mental pain, was confined in the hospital for a period of one hundred and two (102) days, and was and will be prevented from attending to his daily avocations, and has been permanently injured to his damage thirty-five thousand ($35,000) dollars.

Wherefore, plaintiff prays judgment against said defendants in the sum of thirty-five thousand ($35,000) dollars, and the costs of this action.

The petition for removal shows:

1. That it is one of the defendants in the above entitled action, and that the matter or amount in dispute in said suit exceeds, exclusive of interest and costs, the sum of three thousand ($3,000) dollars.

2. That there is in the said suit a controversy which is wholly between citizens of different States, and which can be fully determined as between them, to wit, between your

petitioner, American Agricultural Chemical Company, of the State of Connecticut, one of the defendants in the said suit, which avers that it was at the commencement of this suit, and still is, a resident and citizen of the State of Connecticut, and of no other State, being a corporation created and organized by and existing under the laws of the State of Connecticut, and that it was not at the commencement of this suit, and is not now, a resident or citizen of the State of South Carolina, and the plaintiff, John T. Clark, who was at the commencement of this suit, and still is, a resident and citizen of the State of South Carolina, and who is not now, and was not, at the commencement of this suit, a resident or citizen of the State of Connecticut.

3. Your petitioner further shows that the other defendant in this suit, to wit, Benjamin L. Bradham, was at the commencement of this suit, and still is, a resident and citizen of the State of South Carolina.

4. Your petitioner further shows and alleges that while it is possible that the plaintiff may have a cause of action against your petitioner, yet that there is no cause of action set out in the complaint in this cause against the defendant, Benjamin L. Bradham, and, because there is no cause of action against the said last named defendant, that, therefore, the cause of action against your petitioner is a separate controversy wholly between the plaintiff and your petitioner, in which the said defendant, Benjamin L. Bradham, is not a proper or necessary party, and in which he is in nowise interested, and that full and complete justice can be rendered between the necessary and proper parties to this cause, to wit, between the plaintiff and your petitioner, entirely independent of the defendant, Bradham.

5. That it is alleged in the complaint in this cause that the plaintiff, Clark, was employed by your petitioner as a laborer, and as such, was directed by the defendant, Bradham, as a representative of the master, to wit, your petitioner, to tar a certain wire guy cable, and that by reason of

the breaking of an eyebolt supporting said guy, just as plaintiff hung his weight upon the same, intending to descend said guy for the purpose of tarring it, the plaintiff fell, sustaining certain injuries, which injuries, it is alleged in the complaint, were caused by the joint and concurrent negligence and recklessness of the two defendants, in the following particulars:

(a) In failing and omitting to furnish the plaintiff a safe place to work, and safe appliances.

(b) In failing to inspect the said eyebolt.

(c) In directing the plaintiff to do the work in a dangerous away, instead of in a safe way.

(d) In not having first tested the eyebolt.

Your petitioner respectfully submits that the delicts set out in subdivisions A, B and D, if said delicts, in fact, occurred, constitute breaches of the duty owing by your petitioner to the plaintiff, which were nondelegable duties, and that for any breach thereof, your petitioner, and it alone, is responsible, and that the defendant, Bradham, in his individual capacity, as differentiated from his capacity as the representative of your petitioner, owed to the plaintiff no duty to furnish a safe place and safe appliances, to inspect the eyebolt or to test the same, and that a failure to do any or all of these things were entirely nonfeasance on the part of said defendant, Bradham, for which he, in his individual capacity, was and is in no ways responsible to plaintiff.

And your petitioner further shows, referring to subdivision C, hereinbefore set out, that if the way in which the plaintiff undertook to do the work in hand, in which it is alleged he was directed by the defendant, Bradham, was dangerous, that that danger in the nature of things, could and did consist entirely in the possibility of a breaking of the guy or its support, which danger being open, obvious, plain and patent, the plaintiff in entering into his contract of employment with your petitioner, must be held to have assumed, and that, therefore, there is no cause of action

against either the petitioner or the defendant, Bradham, by reason of any injuries which may have resulted to the plaintiff arising out of the danger aforesaid.

And for the considerations aforesaid, your petitioner alleges that the plaintiff has no controversy in this cause against the defendant, Bradham, and that, therefore, the cause presents a controversy solely and wholly between the petitioner and the plaintiff.

6. And your petitioner further expressly alleges that the said Benjamin L. Bradham is not a necessary or proper party to this suit, but that he was made a defendant therein fraudulently and for the sole purpose of preventing your petitioner from removing this suit to the District Court of the United States for the Eastern District of South Carolina, and thereby unlawfully, wrongfully and fraudulently depriving it of one of the rights conferred upon it by the Constitution and laws of the United States of America, and that the plaintiff well knew at the time of bringing this suit that the defendant, Bradham, was not a necessary or proper party thereto, and that the plaintiff had no cause of action against him, and that the allegations in the complaint tending to show a cause of action against the defendant, Bradham, were false and fraudulent, and that the said joinder of the defendant, Bradham, was knowingly fraudulent, and with the said fraud was intentional on the part of the plaintiff and with full knowledge of the matters and things which made it fraudulent. And in support of said allegation, your petitioner expressly alleges and in support of said allegation craves reference to the affidavits which are hereto attached and hereby made a part of this petition; that the plaintiff at the time of bringing this suit, well knew that the defendant, Bradham, was not his superior or the representative of the master in charge of the work in hand, but that the plaintiff and the said Bradham were fellow servants, receiving their instructions from a common superior, to wit, L. H. Carter, the superintendent of the works of your peti-

tioner, and H. M. Simons, the assistant superintendent, and that, therefore, the allegations in the third paragraph of the complaint herein to the effect that the defendant, Bradham, was a superior of the plaintiff, are wilful, false and knowingly fraudulent; and, further, that the plaintiff at the time of bringing this suit, well knew that it was in no way the duty of the defendant, Bradham, to furnish him with a safe place to work and safe appliances to work with, or to inspect the said eyebolt or to test the same, but that the defendant, Bradham, was only a fellow servant of the plaintiff, and that the plaintiff had the same responsibility relative to the work in hand as had the defendant, Bradham; and, further, that the plaintiff well knew at the time of bringing this suit that the defendant, Bradham, suggested to the plaintiff that he, the plaintiff, should test the strength of the said guy, and that the plaintiff replied that it was strong enough to hold up "half of hell," thereby expressly assuming any risk incident to the weakness of the said eyebolt; and, further, that said plaintiff himself, tested the strength of said guy and said eyebolt in a method which he himself suggested, and carried out on his own responsibility; and, further, that the plaintiff well knew at the time of bringing this suit that the defendant, Bradham, did not instruct or direct him as to the manner or method in which he should perform the particular work of tarring the guy; that he and the defendant, Bradham, were engaged in the said work as fellow servants, and that the plaintiff represented himself as a painter well accustomed to doing work on high places, and assumed charge on his own responsibility of the work of tarring the guy, and the defendant, Bradham, assisted him therein in accordance with the suggestions of the plaintiff, and as his fellow servant.

And now within the time prescribed by the act of Congress in this behalf, your petitioner herein presents a good and sufficient bond as provided by the statute in such cases that it will within thirty days from the date of filing this

petition make and file with the United States District Court for the Eastern District of South Carolina a certified copy of the record in this suit and for paying all costs which may be awarded by the said District Court if said Court shall hold that such suit was wrongfully or improperly removed thereto.

And your petitioner, therefore, prays this Honorable Court to proceed no further in these matters and in this cause except to make the order of removal required by law, and to accept the said surety and bond, and to cause this suit to be removed into the District Court of the United States for the Eastern District of South Carolina.

And it will ever pray, etc.

Personally appeared before me T. D. Darlington, who, being duly sworn, says that he is the local manager of American Agricultural Chemical Company, the petitioner named in the foregoing petition; that he has read the same, and that the facts therein stated are true of his own knowledge, and that they came to his knowledge in the ordinary course of his duties as local manager as aforesaid; and that the reason this verification is made by deponent and not by petitioner, is that the said petitioner is a corporation and incapable of making an oath.    T. D. Darlington.    Sworn to before me this 5th day of March, A. D. 1918.    Campbell B. Simons (Seal), Notary Public for S. C.

Affidavit of L. H. Carter.  Personally appeared before me L. H. Carter, who, being duly sworn, says that he is the superintendent of the Ashepoor Works, of the American Agricultural Chemical Company, at which works were received the injuries to the plaintiff, John T. Clark, which injuries are the subject of this suit.    That Benjamin L. Bradham, one of the defendants in this cause, was employed by the defendant company to work during the winter season in charge of printing bags, and had worked in that capacity for two seasons; that the nature of the industry carried on by the defendant company is such that from about the middle

of May to about the first of December in each year, there is comparatively little activity at the plant, and a great number of hands are of necessity laid off; and that during those months, the printing of bags, in which the said Bradham is, at other seasons of the year employed, is discontinued. That in order to keep the said Bradham in the employ of the company and to give him employment throughout the entire year, it is the custom, not only with him, but with all of the other white employees at the plant, to put them, during the idle months, at the work of keeping the plant in good repair and condition, and to do such jobs of painting, carpentering, etc., as are incidental thereto; and that while so engaged the said Brabham is entirely divorced from his occupation in printing bags, and performs the work of a common laborer. That in such last named capacity, the said Bradham has no authority or control over any of the other employees of the defendant company and is in no sense or particular a representative of the company, or a foreman, but takes his orders directly from H. M. Simons, the assistant superintendent of the plant, or from the deponent, and is not clothed with authority to issue instructions or orders to any person in connection with such work.   Louis H. Carter.   Sworn to before me this 6th day of March, 1918.   G. F. Harry Dehrmann (Seal), Notary Public for S. C.

Affidavit of H. M. Simons.  Personally appeared before me H. M. Simons, who, being duly sworn, says that he is the assistant superintendent at the Ashepoo Plant of the American Agricultural Chemical Company, one of the defendants in this cause, and has for his immediate superior, from whom he receives his instructions, L. H. Carter, the superintendent of said plant, whose affidavit is filed herewith.   That early in the month of September, 1917, the plaintiff, Clark, came to the deponent and requested to be employed, representing himself to be an experienced painter, and, deponent being in need of such a man in connection with the repair and maintenance of the plant, employed the said Clark to do

such work.   That the defendant, Benjamin L. Bradham, being engaged in work incidental to the maintenance of the plant, as is set forth in the said affidavit of L. H. Carter, deponent put the said Bradham and the said Clark together, doing various jobs of painting around the plant; and also put with them two colored men to help them in this work. That the said Bradham was in no way or sense given any authority over the said Clark, nor was he in any way made the foreman of those four men or made the representative of the company, but that all orders and instructions relative to the work to be done by them were given by the deponent to the said Clark and the said Bradham together, and given as much to the one as to the other, and that neither one of them had any authority over the other, nor any discretion in determining or directing how the work or any particular job should be done, but all such orders and decisions came from the deponent.   That in the course of this work, deponent instructed the said Bradham and the said Clark to go down on the dock and paint the tower which stands thereon and the guys which support the same, but gave no orders as to how the details of the work were to be accomplished, nor did he place either of the said men in authority over the other; and that they proceeded to the execution of this work as fellow servants, and as on precisely the same plane of authority.   That there was no way by which the said Clark as a reasonable man could have reached the conclusion that he was in any way subject to the authority or orders of the said Bradham; that he had never received any instructions to take orders from the said Bradham, or to obey his directions; but that he, the said Clark, had the same authority as to the work in hand as did the said Bradham, and that he and the said Bradham, had worked together in this way for about a month before the accident, which is the subject of this suit, took place.   That, as a matter of fact, in the work of painting, which was in progress at that time, deponent considered the plaintiff, Clark, as the more experienced and

skillful man in that particular work of the two and was more inclined to prefer the said Clark in the said work than the said Bradham, by reason of his experience as a painter as aforesaid.

That both the said Clark and the said Bradham, in such work, actually performed the labor incidental thereto, and actually did the work of ordinary laborers.

That the reason why the deponent issued no particular or minute instructions as to how the said tower and the said guys were to be painted, was because the said Clark, having represented himself as an experienced painter and accustomed to doing work on high places, deponent considered him competent to do the work without such particular instructions.    H. M. Simons.    Sworn to before me this 6th day of March, 1918.    George F. Harry Dehrmann (Seal), Notary Public for S. C.

Affidavit of Benjamin L. Bradham.    Personally appeared before me Benjamin L. Bradham, who, being duly sworn, says that he is one of the defendants in this cause.    That he has been employed by the defendant, American Agricultural Chemical Company, for about two years, and that during the winter season he has to do with the printing of bags for use by said company; that during the summer season, there being no necessity for such printing at that time, deponent is employed by the company to do work in connection with the maintenance of its plant, and in such capacity turns his hand to such painting, carpentering or other repair work as may be incident to such maintenance, and as he may be instructed to perform by Mr. L. H. Carter, the superintendent, or more particularly, by Mr. H. M. Simons, the assistant superintendent.    That during the summer of 1917, deponent was sent to the plant of the Maybank Fertilizer Company to check a bulk shipment of acid, in which the American Agricultural Chemical Company was interested, and upon the completion of this work, and upon his return to the Ashepoo plant of the American Agricultural Chemical

Company, he found the plaintiff, Clark, at work at the said plant, having been employed during the absence of the deponent. That under the instructions of the said assistant superintendent, Mr. Simons, deponent and the said Clark were put to work together, doing repair work around the said plant, and that Mr. Simons had put with them two negroes, helping with this work under the instructions of the said Mr. Simons. That deponent was not, by Mr. Simons or Mr. Carter, or any other person clothed with any authority whatsoever over the said Clark, nor did he have any right to instruct or direct the said Clark as to what he should do or how he should do it, or as to anything at all, but that he and the said Clark received their instructions together from the said assistant superintendent, who gave them their instructions, as much to the one as to the other; and that deponent did not understand that he had any authority over the said Clark, nor did he at any time or in any way assume any such authority or undertake to give Clark any instructions or directions, but that he and the said Clark worked together on the same plane of authority. That he and the said Clark were instructed by the said assistant superintendent to go to the tower on the dock at the said plant, and to paint the same and the guys which supported it, and that no instructions were issued to them as to the exact method by which the work should be done. They then proceeded to the tower and to the painting of the guys, and Clark, stating that in his capacity as an experienced painter, was accustomed to doing work at considerable heights, said that he would tar the guys; and that in preparation for the same he, the said Clark, rigged up a block and tackle and a boatswain's chair, arranging the same without any suggestions from deponent, but entirely in accordance with his own ideas; that deponent suggested to the said Clark that it might be well to test the strength of the guy before going on it, and himself, with the two negroes, hung on the guy at its lower end, in order to test its strength; whereupon the said Clark laughed and said

16—111

that there was no necessity to do that, for the reason that the said guy "was strong enough to hold up the half of hell.". That the said Clark, before undertaking to paint the said guy, ordered the two negroes who were working with him and the deponent, to draw him up in the said boatswain's chair a portion of the way up the guy, and, having satisfied himself thereby that his arrangement of the sling and tackle was in proper condition, and in good working order, he got into the sling and swung himself over, the arrangement being that he was to be lowered down the guy to do the tarring; and then and there the eyebolt broke and the plaintiff fell.

That in no detail connected with the work on the said tower, or guy or in any work which deponent and said plaintiff had done together, did the deponent order or direct the plaintiff in any particular; but, on the contrary, plaintiff being an experienced painter, deponent was inclined to defer to his superior skill and knowledge. That the deponent said or did nothing at any time while Clark was at work for the American Agricultural Chemical Company, which would justify the belief that he, deponent, was in any way the superior or entitled to direct or control his action. That deponent is in no sense an experienced painter, and his painting, prior to this occasion, had been limited to ordinary painting, and that he had never undertaken to tar a guy or to do work in any way similar thereto. That the deponent expressly denies that he ordered or directed the plaintiff, Clark, to tar the said guy, or that he was the representative of the American Agricultural Chemical Company or the foreman of the said plaintiff. Benjamin L. Bradham. Sworn to before me this 6th day of March, A. D. 1918. G. F. Harry Dehrmann (Seal), Notary Public for S. C.

The Exceptions. 1. That his Honor erred in not holding that the petition and affidavits supporting it and the removal bond, showing on their face a proper cause for removal to the United States District Court under the Removal Act of

Congress, it became his duty to accept said petition and bond according to the provisions of the said statute and to proceed no further in the case.

2. That his Honor erred in not holding that the allegations of the petition for removal as supported by the affidavits attached thereto, made out a case of fraudulent joinder, which rendered it necessary that the petition and bond should be accepted by the State Court, and that said Court should proceed no further in the case.

3. That his Honor erred in holding that the petition and affidavits did not, upon their face, make such a showing of fraudulent joinder as necessitated the acceptance by the State Court of the petition and bond for removal, and that such Court should proceed no further in the cause.

*Messrs, Smythe & Visanska* and *Miller & Miller,* for appellant, submit : *The petition and bond for removal, being on their face in compliance with the act of Congress providing for the removal of causes, and said petition and affidavits showing a proper case for removal, the Court erred in refusing to sign the order accepting the petition and bond, and that said Court should not have proceeded any further in the case:* 232 U S. 318; 196 U. S. 239; 236 U. S. 305; 104 U. S., at p. 14; 106 U. S. 122; 229 U. S. 102; 215 U. S. 308; 213 U. S. 207; 117 U. S. 430; 118 U. S. 287; 131 U. S. 240; 214 U. S. 153 and 158; 239 U. S. 496. *The Judge erred in not holding that the petition and bond upon their face made such a showing of fraudulent joinder as justified their acceptance by the State Court under the act of Congress:* 194 Fed. 514; 186 Fed. 540; 203 Fed. 291; 242 U. S. —; 243 U. S. 422; 200 U. S. 206, at p. 215; 204 U. S. 176; 239 U. S. 496, at p. 500; 206 Fed. 496.

*Messrs. Logan & Grace,* for respondent, submit: *The trial Judge committed no error in refusing the motion and holding that the Court of Common Pleas had jurisdiction to proceed with the trial of the case:* 232 U. S. —; 58 L. Ed. 545; 132 U. S. 599; 33 L. Ed. 474; 117 U. S. 430; 29 L. Ed., p.

962; 72 S. C. 473; 65 S. C. 332; 94 S. C. 334; 194 U. S. —; 48 L. Ed., pp. 909-910. *The mere allegation that the joinder of the defendant, Benjamin L. Bradham, is fraudulent is not sufficient:* 215 U. S. 308; 54 L. Ed. 208; 227 U. S. 184; 57 L. Ed. 473. *Complaint states a good cause of action against the resident defendant, Bradham, and also a case of joint liability against both defendants:* 232 U. S. —; 58 L. Ed. 547; 65 S. C. 338, and cases cited; 79 S. C. 502; 232 U. S. —; 58 L. Ed. 545.

December 30, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained through the wrongful acts of the defendants.

The defendant, American Agricultural Chemical Company, filed a petition, bond, and affidavits for the removal of the case to the District Court of the United States for the Eastern District of South Carolina, and subsequently made a motion before his Honor, T. J. Mauldin, Circuit Judge, for an order that the case be removed, which motion was refused and the said defendant appealed. The complaint, the petition, and the exceptions will be reported.

In the case of *Chicago etc. v. Whiteaker,* 239 U. S. 421, 36 Sup. Ct. 152, 60 L. Ed. 360, the rule in such cases is thus stated: Whether or not the complaint states a cause of action against a resident joined as codefendant with a nonresident is a matter of local law, which is not open on a writ of error from the Federal Supreme Court presenting the question whether the joinder was fraudulently made, for the purpose of preventing a removal to a Federal Court.

The motive of plaintiff in joining an impecunious railway employee as a codefendant with a nonresident railway corporation in a negligence suit is not material upon the question of the right of the latter to remove the cause to Federal Court, if such defendants are jointly liable under the local laws.

In *Southern Railway Co. v. Lloyd,* 239 U. S. 496, 36 Sup. Ct. 210, 60 L. Ed. 402, the principle is announced that the allegations in the petition for the removal of an alleged separable controversy to a Federal Court for diverse citizenship are not sufficient where they amount simply to a traverse of the facts alleged in the plaintiff's complaint, and in that way undertakes to try the merits of a cause of action good upon its face.

The cases of *Ellis v. Railway,* 72 S. C. 465, 52 S. E. 228, 2 L. R. A. (N. S.) 378, and *Carter & Harris v. Railroad,* 84 S. C. 546, 66 S. E. 997, unquestionably sustain the proposition that both the American Agricultural Chemical Company and its codefendant, Benjamin L. Bradham, are liable to the plaintiff upon the face of the complaint.

Having reached this conclusion, further discussion is unnecessary.

Appeal dismissed.