### 11022

#### TOWILL v. SOUTHERN RY. CO. *ET AL.*

##### (114 S. E., 416)

1. REMOVAL OF CAUSES—FRAUDULENT JOINDER OF RESIDENT DEFENDANT DOES NOT PREVENT REMOVAL BY NONRESIDENT TO FEDERAL COURT.— In an action against a nonresident, the right of such defendant under Judicial Code, § 28 (U. S. Comp. St. § 1010) to remove the action to the Federal District Court cannot be defeated by the fraudulent joinder of a resident defendant having no real connection.

2. REMOVAL OF CAUSES—PETITION FOR REMOVAL MAY SHOW FRAUDULENT JOINDER OF RESIDENT DEFENDANT TO PREVENT REMOVAL.—In a joint action against a resident and nonresident defendant, the joinder of

NOTE: The question of fraud in joining a resident as codefendant with a nonresident defendant, or for the purpose of preventing a removal to the Federal Court on the ground of diverse citizenship is discussed in a note in 22 L. R. A. (N. S.), 1235.

For the removal of a cause by a nonresident corporation joined with a resident employee, see notes in 1 L. R. A. (N. S.), 370 and 375.

the resident defendant, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent removal, but such showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions.

3. REMOVAL OF CAUSES—PETITIONS FOR REMOVAL MAY BE VERIFIED AND ACCEPTED BY THE COURT AS TRUE.—Petitions for removal of a cause to the Federal Court must be verified under Judicial Code, § 29 (U. S. Comp. St. § 1011), and its statements taken by the Court as true.

4. REMOVAL OF CAUSES—ISSUE MAY BE TAKEN WITH STATEMENTS OF PETITION; DETERMINABLE BY FEDERAL COURT.—Where removal to Federal Court has been effected, plaintiff may, by motion to remand, plea, or answer take issue with the statements in the petition, and, if he does, such issue must be heard and determined by the Federal District Court.

5. REMOVAL OF CAUSES—PETITIONER FOR REMOVAL HAS BURDEN OF PROVING CONTROVERTED STATEMENTS OF PETITION,—Where issues have been taken in the Federal District Court to statement in the petition for removal, the petitioning defendant must take and carry the burden of proof; he being the actor in the removal proceedings.

6. REMOVAL OF CAUSES—REMOVAL EFFECTED BY FILING PETITION IN FEDERAL COURT, THOUGH STATE COURT REFUSES TO ORDER REMOVAL.— If the State Court refuses to make order of removal upon proper showing, the defendant may nevertheless, within the prescribed time, enter a copy of the record as it stood on the filing of the petition in the proper Federal Court, and have the cause docketed there, and thereupon such latter Court is required to proceed in the exercise of the jurisdiction lost by the State Court upon the filing of the petition and bond.

7. REMOVAL OF CAUSES—STATE COURT'S SOLE DUTY TO DETERMINE IF REMOVABLE CAUSE IS DISCLOSED BY PETITION ASSUMING IT IS TRUE.—In proceedings to remove a cause to the Federal Court, the sole issue for determination by the State Court is a question of law whether, assuming the facts stated in the petition to be true, the record discloses a removable cause.

8. REMOVAL OF CAUSES—MOTIVE IN JOINING RESIDENT DEFENDANT IMMATERIAL IF THERE IS PROPER FOUNDATION FOR IT.—If proper foundation exists for the joinder of a resident defendant which would prevent removal to Federal Court, the motive of the plaintiff in such joinder is immaterial.

9. REMOVAL OF CAUSES—AVERMENTS OF PETITION MUST BE MORE THAN TRAVERSE OF COMPLAINT.—Averments of a petition for removal of a cause to Federal Court must be more than a mere traverse of the allegations of the complaint.

10. REMOVAL OF CAUSES—AVERMENTS OF PETITION THAT JOINDER OF
RESIDENT DEFENDANT WAS FRAUDULENT MUST BE TREATED AS LEGAL
DEDUCTIONS OF PLEADER.—In an appeal from an order granting re-
moval of a cause to Federal Court, the statements in the petition,
averring that the joinder was sham, pretensive, and fraudulent, must
be regarded merely as the pleader's deductions or legal conclusions.
from the facts.

11. REMOVAL OF CAUSES—RULES FOR DETERMINING WHEN THERE IS A
FRAUDULENT JOINDER OF DEFENDANT STATED; LEGAL LIABILITY NOT
TEST.—The correct test in determining whether a resident railroad
conductor had been fraudulently joined in a suit against the rail-
road to prevent a removal to the Federal Court is whether the
facts alleged in the petition for removal, if true, establish that such
resident conductor defendant had no such participation in any of
the alleged wrongful conduct charged against the joint defendants
as would afford a reasonable basis of fact for connecting him in
good faith with the injury as a tort-feasor, and the mere absence
of legal liability on the part of such defendant is no test.

12. REMOVAL OF CAUSES—ALLEGATIONS HELD INSUFFICIENT TO SHOW
THAT CONDUCTOR OF TRAIN WAS NOT JOINED DEFENDANT IN GOOD
FAITH.—Allegations in a petition for removal of a cause to Federal
Court that one injured by a train was attempting to board it from.
the wrong side, out of sight of the conductor, and where he was not
invited or expected to enter, though tending to establish that neither
conductor nor railroad were legally liable, do not so disconnect the
conductor of the train from participation in the alleged wrong as.
to preclude his joinder in good faith as a party defendant in an
action for damages.

Before DeVORE, J., Lexington, February, 1922. Re-
versed.

Action by Daisy Pearce Towill, as Adm'x of the estate
of John Bell Towill, against Southern Railway Co., and
James Harling. From an order of removal to the U. S.
District Court, the plaintiff appeals.

The following are the more essential allegations of the
complaint, referred to in the opinion:

(4) That, on information and belief, plaintiff's intestate,
on or about the 8th day of April, 1921, in the evening,
went to the station of the defendant Southern Railway Com-
pany, in the town of Batesburg aforesaid, with the purpose

of becoming a passenger upon the defendant Southern Railway Company's passenger train aforesaid, and in pursuance of said purpose purchased a ticket of the defendant company's ticket agent at its station in the town of Batesburg aforesaid for transportation over its said line of railroad as a passenger on its said passenger train from the town of Batesburg to the town of Johnston in said state, paying for the same the regular price therefore, and thereby then and there became a passenger upon the premises of the defendant Southern Railroad Company.

(5) That, on information and belief, while plaintiff's intestate was in the act of boarding the defendant's said passenger train as a passenger thereon at the said station of Batesburg he was thrown and precipitated upon the ground and railway track of the defendant Southern Railway Company and wheels of the cars of said train passed over the lower extremities of plaintiff's intestate's legs, and crushed, bruised, and mangled the same and severed the feet therefrom, and as a result of the injuries so received plaintiff's intestate died about 10 hours thereafter.

(6) That, on information and belief, the injuries and death of plaintiff's intestate was caused by the joint and concurrent negligent, reckless, wanton and willful acts and conduct of the defendants in the following particulars, to wit: (a) In causing the passenger train that plaintiff's intestate was attempting to board as a passenger to move suddenly forward without notice or warning, and with a sudden jerk or lurch; (b) In causing the said passenger train to move forward without giving the signals required by law; (c) in failing to furnish reasonable accommodations for the convenience and safety of passengers boarding and alighting from said train as required by law; (d) in failing to keep the right of way adjacent to the railway track, at and near the said station of Batesburg where passengers get on and off of passenger trains, in a good and

safe condition and free from hindrances and obstructions to the free and safe passage of passengers using the same for the purpose of getting on and off the passenger trains of the defendants, and in leaving dangerous obstructions on the right of way at and near the point where plaintiff's intestate was in the act of boarding said train; (e) in failing to provide sufficient lights at said station of Batesburg so as to enable passengers to safely get on and off of passenger trains thereat; (f) in failing to keep a proper lookout for the safety of passengers getting on and off of its said trains at said station; (g) in failing to use due and proper care and caution for the safety of passengers getting on and off of the passenger trains at said station; and (h) in failing to use any care or caution whatsoever for the safety of passengers, and in the management, control, and movement of the said train at said station—all of which was in utter disregard of the rights of plaintiff's intestate.

(7) That by reason of the aforesaid negligent, reckless, willful, and wanton acts and conduct of the defendants in causing the death of plaintiff's intestate and as a direct result thereof, his widow, Daisy Pearce Towill, and his four minor children of tender years, John Bell Towill, Jr., Daisy Pearce Towill, Richard Towill, and Angeline Towill, have been deprived of the aid, maintenance, comfort, society, council, advice, and education of plaintiff's intestate, the husband and the father, for whose benefit this action is brought pursuant to the statute in such case made and provided, to their damage in the sum of $100.000.

The petition for removal is as follows:

Your petitioner, Southern Railway Company, appearing especially and solely for the purpose of making this application to remove this case to the United States District Court for the Eastern District of South Carolina, respectfully shows:

(1) That the controversy in the said suit is a claim and demand by the plaintiff for judgment against your peti-

tioner, Southern Railway Company, and James Harling for damages in the sum of $100,000 and the costs of this action, for the fatal injury to John Bell Towill, the plaintiff's intestate, which the plaintiff alleges was caused on the 8th day of April, 1921, in the town of Batesburg, Lexington county, by the joint and concurrent negligence, recklessness, wantonness, and willfulness of the defendants, in the following particulars, specified in the complaint: (a) In causing the passenger train that plaintiff's intestate was attempting to board as a passenger to move suddenly forward without notice or warning, and with a·sudden jerk and lurch; (b) in causing the said passenger train to move forward without giving the signals required by law; (c) in failing to furnish reasonable accommodations, for the convenience and safety of passengers boarding and alighting from said train as required by law; (d) in failing to keep the right of way adjacent to the railway track at and near the said station of Batesburg where passengers get on and off free from hindrances and obstructions to the free and safe passage of passengers using the same for the purpose of getting on and off the passenger train of the defendants, and leaving dangerous obstructions on its right of way at and near the point where plaintiff's intestate was in the act of boarding said train; (e) in failing to provide sufficient lights at said station of Batesburg so as to enable passengers to safely get on and off of passenger trains thereat; (f) in failing to keep a proper lookout for the safety of passengers getting on and off of its said trains at said station; (g) in failing to use due and proper care and caution for the safety of passengers getting on and off of the passenger trains at said station; and (h) in failing to use any care or caution whatsoever for the safety of passengers, and in the management, control and movement of the said train at said station; all of which was in utter disregard of the rights of plaintiff's intestate.

It is also alleged that the plaintiff's intestate, John Bell Towill, was in the act of boarding the train, when he was thrown to the ground and the wheels of the cars passed over his extremities, causing his death; and that the defendant, James Harling, was the conductor in charge of the train.

(1) That the controversy in the suit is between the plaintiff, a resident of the state of South Carolina, duly qualified administratrix of the estate of John Bell Towill deceased, at the time of his death also a resident of the state of South Carolina, and Southern Railway Company, petitioner, a corporation duly chartered and existing under the laws of the State of Virginia, which was at the time of the commencement of this suit, and still is, a citizen of the State of Virginia, and a nonresident of the State of South Carolina, and James Harling, a citizen of the State of South Carolina, residing at Columbia, in the Eastern District of said state, and that the plaintiff is a citizen residing, and her intestate was a citizen residing, in the Eastern District of South Carolina. And this petitioner is informed, believes, and alleges that the said John Bell Towill and the petitioner, his wife, had resided for years in the town of Batesburg, and were familiar with the movements of this petitioner's passenger trains at Batesburg and with its station premises.

(2) That the petitioner's train in question, moving from Columbia to Augusta, was due to stop at Batesburg 20 minutes for dinner; that upon its arrival at Batesburg at the time alleged in the complaint the conductor announced in the coaches that it would stop 20 minutes for dinner; that at the expiration of 25 minutes, it moved forward in the usual manner, the conductor having given the usual warning, by calling, "All aboard," and signaled the engineer forward; that all the passengers, so far as the conductor saw and knew, had entered the train before it was signaled forward; that the passenger station and the pas-

senger landing at Batesburg were on the south, or left-hand, side of the train moving to Augusta, and passengers were not expected or invited to enter the train from the opposite side.

(3) That a few minutes after the train arrived at Batesburg on the evening of the alleged injury the said John Bell Towill boarded it as a passenger; that, without the knowledge of the conductor, he then left the train and went to a store in the town of Batesburg; that after the passengers had boarded the train and it was moving forward, the said John Bell Towill attempted to board the train on the wrong side, that is, on the side opposite the passenger station and passenger landing, out of the view of the conductor, and at a place at which passengers are not invited or expected to board the train, as the said decedent very well knew, and on the side on which the conductor does not expect passengers and does not look out for them, and he was there injured.

(4) That of the said specifications of negligence, (b), (c), (d) and (e) do not fall within the duties required of the conductor by law and the rules of this petitioner, but belong to other agents of the railway company; specifications (a), (f), (g) and (h), while vague and indefinite, might pertain to the duties of the conductor in his relations to passengers at the station and on the passenger landing, either for the purpose of getting on or off the train, but it is respectfully submitted that they are not pertinent to any duty imposed upon the conductor with regard to persons who intend to become passengers, but who are on the side of the train opposite the passenger landing, and out of the view and knowledge of the conductor, as was the plaintiff's intestate.

(5) That your petitioner avers that the joinder of the said James Harling as a defendant herein is sham and fraudulent, and without any real intention of prosecuting

the claim to judgment against him, but as a device and for the purpose of depriving your petitioner of the right to remove the said cases to the said United States District Court. And your petitioner comes at this time before the defendant is required by the laws of the state aforesaid or by the rules of this Court in which the action is brought to answer or plead to the declaration of the complaint of the said plaintiff herein, and offers and file herewith a bond with good and sufficient surety for its entering in the United States Court for the Eastern District of South Carolina, at Charleston, S. C., within 30 days from the filing of this petition, a certified copy of the record in this suit and paying all costs that may be awarded by the said District Court if said Court shall hold that this suit was wrongfully or improperly removed thereto.

And this petitioner respectfully prays this honorable Court to proceed no further, except to accept the said surety and cause the record herein to be removed to the said District Court of the United States, in and for the district aforesaid, and your petitioner will ever pray.

State of South Carolina, County of Richland.

Personally appeared W. L. King, who, being duly sworn, says that he is an officer of the petitioner, a corporation, to wit, superintendent; that he has read the foregoing petition, and knows the contents thereof to be true, except as to the allegations made on information and belief, and as to these he believes it to be true.                    W. L. KING,

Sworn to before me the 27th day of January, 1922.
                         (Official Seal) R. L. SHEALY
                         Notary Public for South Carolina.

*Messrs. Timmerman & Graham,* for appellant, cite: *Petition must set out facts showing fraudulent joinder:* 232 U. S., 152. *Complaint alleges joint tort:* 65 S. C., 336; 73 S. C., 177; 84 S. C., 547; 110 S. C., 72; 111 S. C., 244; 194 U. S., 136; 239 U. S., 423. *Merits of case can-*

*not be tried on petition for removal:* 139 U. S., 496; 42 Sup. Ct., 37; 187 U. S., 63; 183 U. S., 185. *Insufficient verification:* 85 S. C., 123; 84 S. C., 216. *Bond must be executed by executive officer:* 160 Fed., 839.

Mr. Geo. B. Cromer, for respondent, cites: *Upon filing petition State Court must accept it:* U. S. Comp. St., 1011; Fed. Stat., Ann., 1920, Supp., 618; 213 U. S., 207; Ann., Cas., 1916 D, 1047. *When joinder is valid, motive is immaterial:* 111 S. C., 244. *Necessary allegations of petition:* 239 U. S., 496; 239 U. S., 421; 232 U. S., 146. *Fraudulent joinder will not prevent removal:* U. S., Adr., Aps., 22 (Nov. 7, 1921). *Technical defect in bond may be corrected:* Foster, Fed. Prac. (5th Ed), Sec. 547; 198 Fed., 305. *Verification sufficient:* 23 R. C. L., 764; 67 N. Y., 544; 45 S. C., 471.

October 4, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action for damages on account of the alleged wrongful death of plaintiff's intestate. The defendant Southern Railway Company filed a verified petition, accompanied by bond and supporting affidavit, for the removal of the cause to the District Court of the United States for the Eastern District of South Carolina. From an order of Hon. J. W. De Vore, Circuit Judge, granting the petition for removal, plaintiff appeals. The complaint and the petition for removal will be reported.

The complaint alleges that the defendant Southern Railway Company is a foreign corporation, and the defendant James Harling, a resident of South Carolina; that the plaintiff's intestate, while a passenger, was fatally injured in attempting to board a train of the defendant Southern Railway Company, of which the defendant James Harling was conductor, at Batesburg, S. C., on April 8, 1921; and that such fatal injury "was caused by the joint and concurrent

negligent, reckless, wanton, and willful acts and conduct of the defendants" in the particulars therein specified.

The petitioner, Southern Railway Company, averred that the joinder of James Harling, the conductor, was "sham and fraudulent, and without any real intention of prosecuting the claim to judgment against him"—a device for the purpose of depriving petitioner of the right to remove the cause to the federal Court. The 10 exceptions to the order of removal raise but two questions: (1) Whether the facts stated in the petition, considered apart from the pleader's deductions in connection with the allegations of the complaint, justify or rightly lead to the conclusion that the joinder of James Harling was sham and fraudulent; and (2) whether the removal bond filed was good and sufficient.

As to the first question, the law as to the removal of causes is thus stated by the Supreme Court of the United States in the recent case of *Wilson v. Republic Iron & S. Co.*, 257 U. S., 92, 42 Sup. Ct., 35, 66 L. Ed., 22 (October term, 1921), upon which decision the order of the Circuit Judge was expressly based:

"A civil case, at law or in equity, presenting a controversy between citizens of different states, and involving the requisite jurisdictional amount, is one which may be removed from a state Court into the District Court of the United States by the defendant, if not a resident of the state in which the case is brought (section 28, Jud. Code); and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Wecker v. National Enameling & Stamping Co.*, 204 U. S., 176, 185, 186, 51 L. Ed.; 430, 435, 436, 27 Sup. Ct. Rep., 184, 9 Ann. Cas., 757. If in such a case, a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion, apart from the pleader's deductions.

*Chesapeake & O. R. Co., v. Cockrell,* 232 U. S., 146, 152, 58 L. Ed., 544, 547, 34, Sup. Ct. Rep., 278. The petition must be verified (section 29, Jud. Code), and its statements must be taken by the state Court as true (*Illinois C. R. Co. v. Sheegog,* 215 U. S., 308, 316, 54 L. Ed., 208, 211, 30 Sup. Ct. Rep., 101). If a removal is effected, the plaintiff may, by a motion to remand, plea, or answer take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court (*Stone v. South Carolina,* 117 U. S., 430, 432, 29 L. Ed., 962, 963, 6 Sup. Ct. Rep., 799; *Chicago R. I. & P. R. Co. v. Dowell,* 229 U. S., 102, 113, 57 L. L. Ed., 1090, 1095, 33 Sup., Ct. Rep., 684; *Chesapeake & O. R. Co., v. Cockrell, supra,* pp. 152, 154), and, at the hearing, the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding (*Carson v. Dunham,* 121 U. S., 421, 425, 426, 30 L. Ed., 992–994, 7 Sup. Ct. Rep., 1030)."

In connection with that statement the following expression by Judge Adams in *Donovan v. Wells Fargo & Co.,* 169 Fed., 363, 94 C. C. A., 609, 22 L. R. A. (N. S.), 1250, is more or less pertinent to the present inquiry:

"When the right of removal is made to depend upon the existence of certain facts they must be taken by the state Court to be true as averred in the petition. If it is desired to controvert such facts or any of them, the plaintiff must make an issue with respect to them in the federal Court and that issue must be tried in that Court. *Stone v. South Carolina; Carson v. Hyatt; Burlington, C. R. & N. R. Co. v. Dunn; Crehore v. Ohio & M. R. Co., supra; Chesapeake & O. R. Co. v. McCabe,* 213 U. S., 207, 53 L. Ed., 765, 29 Sup. Ct. Rep., 430; *St Louis Southwestern R. Co. v. Adams,* 87 Ark., 136, 112 S. W., 186. If the state Court refuses to make the order of removal on the showing made by the face of the record, the defendant may, nevertheless,

within a prescribed time, enter a copy of the record as it stood, on the filing of the petition, in the proper federal Court, and have the cause docketed there. Thereupon the latter Court is required to proceed in the exercise of the jurisdiction lost by the state Court upon the filing of the petition and bond with it. *Baltimore & O. R. Co., v. Koontz,* 104 U. S., 5, 26 L. Ed., 643; *Burlington, C. A. & N. R. Co. v. Dunn, supra.*"

In the light of the foregoing summary of principles we were at first inclined to approve the view of the learned Circuit Judge that the showing made by the petitioner in this case presented an issue of fact properly determinable by the Federal Court alone, and to affirm the order appealed from upon that ground. But a more careful consideration of the question actually presented for decision has constrained us to reach a different conclusion. The sole issue for determination by the State Court is "a question of law only; whether, assuming the facts stated in the petition to be true, the face of the record discloses a removable cause under the law." *Donovan v. Wells Fargo & Co., supra.*

Proceeding to the consideration of the concrete question, does the petition state facts which warrant the conclusion that the joinder of the defendant Harling was sham and fraudulent? The able counsel for petitioner concedes that if proper foundation exists for a joinder, the motive of the plaintiff in joining the nonresident defendant is immaterial (*Clark v. Am. Ag. Chem. Co.,* 111 S. C., 230, 97 S. E. 705; *Dishon v. Cincinnati, N. O. & T. R. Co.,* 133 Fed. 471, 66 C. C. A., 345; *Charman v. Lake Erie & W. R. Co.* (C. C.), 105 Fed., 449); and that the averments of the petition for removal must be more than a mere traverse of the allegations of the complaint (*Southern Ry. Co. v. Lloyd,* 239 U. S., 496; 36 Sup. Ct., 210, 60 L. Ed., 402; *Chesapeake & O. R. Co. v. Cockrell,* 232 U. S., 146, 34 Sup. Ct., 278, 58 L. Ed., 544).

It is likewise clear that for the purpose of this inquiry the statements contained in the petition, averring that the joinder was sham, pretensive, and fraudulent, must be regarded merely as the pleader's deductions or legal conclusions from the facts stated. *Wilson v. Republic Iron & Steel Co., supra.* No contention is made that the complaint states a separable controversy, or that the joinder of the two defendants, master and servant, charged with jointly causing a wrongful death by concurring acts of negligence and misconduct, is not fair and legitimate upon its face. *Ellis v. Railway Co.,* 72 S. C., 465, 52 S. E., 228, 2 L. R. A. (N. S.), 378; *Carter & Harris v. Railroad,* 84 S. C., 546, 66 S. E., 997; *Clark v. American Agri. Chem. Co.,* 111 S. C., 230, 97 S. E., 705; *Powers v. Chesapeake & O. R. Co.,* 169 U. S., 92, 18 Sup., Ct., 264, 42 L. Ed., 673; *Southern Ry. Co. v. Carson,* 194 U. S., 136, 24 Sup. Ct., 609, 48 L. Ed., 907; *Alabama G. S. R. Co., v. Thompson,* 200 U. S., 206, 26 Sup. Ct., 161, 50 L. Ed., 441, 4 Ann. Cas., 1147; *Cincinnati, N. O. & T. P. R. Co., v. Bohon,* 200 U. S., 221, 26 Sup. Ct., 166, 50 L. Ed., 448, 4 Ann. Cas., 1152; *Wecker v. National Enameling & Stamping Co.,* 204 U. S., 176, 27 Sup. Ct., 184, 51 L. Ed., 430, 9 Ann. Cas., 757; *Shane v. Butte Electric R. Co.* (C. C.), 150 Fed., 801; *Trivette v. Railroad Co.,* 212 Fed., 641, 129 C. C. A., 177.

In passing upon the petitioner's specific contention as to the force and effect of the facts relied upon to sustain the right of removal, there are certain uncontroverted allegations of fact that should be borne in mind. It is not disputed that the fatal injury to plaintiff's intestate was sustained at the time and at the station mentioned in the complaint; that said intestate was a passenger of the defendant railway company; that he was injured in attempting to board one of the defendant railway company's passenger trains; that the defendant Harling was in the employ of his codefendant as a conductor; that he was in

charge as conductor of the particular train plaintiff's in-
testate was attempting to board when injured; that as
conductor he had announced that the train would stop 20
minutes for supper; and that after stopping for 25 minutes
at the station he announced to passengers the starting of
the train, and gave the signal to the engineer that put the
train in motion.    To eliminate the defendant Harling from
this scene in which he was indubitably an actor, petitioner
relies upon certain allegations of fact in the petition.    In
the language of petitioner's counsel those allegations, taken
as true, show:

"That John Bell Towill, plaintiff's intestate, a resident
of Batesburg and familiar with the station premises and
the movements of the trains of the Southern Railway Com-
pany, was attempting to board a moving train on the
side opposite the passenger landing and station, out of
sight of the conductor James N. Harling, who had no
knowledge of his presence on the station premises and at
a place at which passengers were not invited or expected to
enter the train."

Assuming those facts to be true, it is argued that Harl-
ing, the conductor, owed no duty to the plaintiff's intestate,
and could have "no real connection with the controversy"
within the meaning of the rule applied by the federal courts.

There are obvious difficulties in accepting without reser-
vation the conclusion that in the circumstances indicated
Harling, the conductor, owed no legal duty to plaintiff's
intestate.    As the employee of a common carrier of pas-
sengers the law imposed upon him as the representative of
his principal the duty of exercising the highest degree of
care to safeguard the persons of passengers desiring to
take passage upon the train in his charge.    Even granting
that Towill undertook to board his train out of his sight
and without his knowledge at a point a passenger was not
expected or invited to enter, it is entirely possible to con-
ceive of facts and conditions having to do with this partic-

ular time, place, and occasion, provable under the allegations of the complaint, which might have imposed upon the conductor the duty to know and see; that is, the facts alleged by petitioner cannot be said wholly to exclude, within the purview of the complaint, the legal liability of the conductor.

But even if those facts, assumed to be true, were sufficient to exculpate the conductor entirely from legal liability, it does not follow that his joinder as a defendant was fraudulent within the meaning of the law controlling the removal of causes. A mere traverse or denial of the allegations of the complaint, if accepted as true, would equally exonerate the defendant from liability. The correct test, as we apprehend, is whether the facts alleged in the petition for removal, if assumed to be true, establish that the resident defendant had no such participation in any of the alleged wrongful conduct charged against the two defendants jointly as would afford a reasonable basis of fact for connecting him in good faith with the injury as a tort feasor. Applying that test to the case at bar, it is apparent that the facts set out in the petition do not exclude the defendant Harling from participation in the alleged delict nor sever his connection in point of fact with the plaintiff's cause of action. On the contrary, those facts establish that Harling was responsible as conductor for the movement of the train which is alleged to have caused the injury. If there was any delict, it is difficult to see how Harling can be absolved from participation therein. If there is no foundation in fact for a cause of action against Harling, there would seem to be little, if any, for a cause of action against the railway company. No act of negligence imputed to the two defendants jointly could have caused the injury without the starting of the train, which movement was admittedly directed by Harling, the conductor. In the circumstances we see no escape from the conclusion that the defendant Harling might reasonably

be charged with participation as a joint tort-feasor in the alleged delict upon which plaintiff's cause of action is based. That both he and his principal, the railway company, were innocent participants, as the facts alleged in the petition establish, or tend to establish, goes to the merits, and cannot be held sufficient to justify an inference of bad faith in joining Harling as a defendant.

Since this question of good or bad faith is peculiarly dependent upon careful review and analysis of the facts of the particular case, no useful purpose would be subserved by attempting to review and compare the facts in other more or less analogous cases found in the reports. A brief reference, however, to the facts in *Wilson v. Republic Iron & S. Co., supra,* the decision upon which the learned Circuit Judge based the order of removal, may not be inapt. In that case it appeared that the plaintiff, after bringing an action against the employer in the District Court and taking a "voluntary nonsuit" at the trial "because it appeared that he probably could not recover * * * on the evidence presented," brought an action in the State Court jointly against the employer and a resident employee who, as the plaintiff knew—"was not guilty of any joint negligence with the employer, *was not present when the plaintiff's injuries were received, and did no act or deed which caused or contributed to such injuries."*   (Emphasis added.)

Obviously, a very different state of facts from that presented by the case at bar, where the resident employee was present on the scene of action and admittedly gave the signal for the movement of the train which caused the injury to the boarding passenger. See, generally, *Alabama G. S. R. Co. v. Thompson, Supra; Shane v. Butte Electric R. Co., Supra; Thomas v. Great Northern R. Co.,* 147 Fed. 83, 77 C. C. A., 255; *Knuth v. Butte Electric R. Co.* (C. C.), 148 Fed. 73; *Offner v. Chicago & E. R. Co.,* 148 Fed., 201, 78 C. C. A., 359; *Thresher v. W. U. Tel. Co.* (C. C.), 148 Fed., 649.

The foregoing views render unnecessary the consideration of the remaining exception relating to the validity of the bond.

For the reasons stated, the order appealed from is reversed.