## OLIVER v. SANTEE RIVER HARDWOOD CO. et al.
### No. 3598.

District Court, E. D. South Carolina.
Jan. 16, 1936.

Norval N. Newell and Marion F. Winter, both of Moncks Corner, S. C., and D. M. Winter, of Columbia, S. C., for plaintiff.

Wolfe, Dennis & Eatmon, of Moncks Corner, S. C., for defendants.

MYERS, District Judge.

This case was instituted in the court of common pleas for Berkeley county, state of South Carolina, and was removed to this court by defendant Santee River Hardwood Company, a foreign corporation, on the ground that the complaint stated a sole or separable controversy. The matter is now before me on motion to remand. The complaint alleges that the plaintiff's intestate received personal injuries, from which he died, as a result of the failure of the defendants to furnish said intestate, an employee of the foreign corporation, with a safe place and safe equipment for the performance of his duties in connection with said logging operations; that the failure complained of was the joint negligence and carelessness of the named defendants, alleging specific delicts charged to the resident defendants in connection with their alleged duty to the deceased intestate, which, if sustained, would justify recovery against them as well as the master.

In Clark v. American Agricultural Chemical Co., 111 S.C. 230, 97 S.E. 705, the Supreme Court of South Carolina, having under consideration the right of a defendant nonresident corporation to remove to the federal court an action for damages for personal injuries alleged to have been caused by failure of the defendant corporation and its employee, the resident defendant, to provide a safe place and safe appliances for the plaintiff in the performance of his duties under the supervision and direction of the resident defendant, held that a joint cause of action was stated under the state law which would prevent a removal, citing Chicago, etc., R. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360. The allegations of the complaint here are practically identical, charging failure to provide a safe place and safe equipment, with specific allegations of negligence of intestate's coemployees, the resident defendants, in performing and in failing to perform their duties in that regard.

The duty of the master to furnish a safe place and safe instrumentalities for the performance of the duties of an employee is nondelegable, it is true; but I am satisfied that the complaint in this case sufficiently alleges joint and several concurrent negligence of employer and employees as a basis for joint action.

It is therefore ordered that the motion to remand be granted, and that this cause be, and the same is hereby, remanded to the court of common pleas for Berkeley county, state of South Carolina.