McGARVEY v. BUTTE MINER CO. et al.

(District Court, D. Montana. October 26, 1912.)

No. 103.

1. REMOVAL OF CAUSES (§ 102*)—DEFENDANTS—FRAUDULENT JOINDER—NONLIABILITY OF ONE DEFENDANT.

Where, in an action for libel against two defendants, the cause was removed by one of them on the ground of diverse citizenship, and that the other defendant was not liable, but it appeared that the law was locally unsettled and fairly debatable, the complaint could not be said to show fraudulent joinder on its face, and, the exercise of the right to join being a matter to be settled on the trial, the cause would be remanded.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. § 102.*

Fraudulent joinder of parties to prevent removal of cause, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. REMOVAL OF CAUSES (§ 36*)—DEFENDANTS—FRAUDULENT JOINDER.
    Fraudulent joinder of defendants, in order to justify removal of the, cause, must in general essentially consist in a willful or negligent misstatement of fact.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

At Law. Action for libel by Charles McGarvey against the Butte Miner Company and J. L. Dobell. The cause having been removed for diverse citizenship, plaintiff moves to remand. Granted.

J. E. Healy, of Butte, Mont., for plaintiff.

Geo. F. Shelton and A. J. Verheyen, both of Butte, Mont., for defendants.

BOURQUIN, District Judge. Motion to remand. Action for libel and removal for diverse citizenship.

[1] Upon the facts that may be taken as proven hereon, the removing defendant contends that the law is that its codefendant, whose joinder, unless proven fraudulent, defeats removal, is not liable; and hence the conclusion, fraudulent joinder. Plaintiff, contra.

The law is fairly debatable. But if plaintiff knew the aforesaid facts, and if the law be as claimed by the defendant, these are but circumstances, and not conclusive of fraudulent joinder. Where the law is locally unsettled, it is the right of plaintiff to adopt and fairly urge that view thereof that best serves his interests, to join defendants accordingly, and, if the case be not otherwise removable, to secure a trial and determination of the disputed issues, fact and law, upon his theory and in the forum of his choice, the state court. This being plaintiff's right, its exercise is not fraudulent, though its chief motive be to prevent removal and compel trial in the state court. The case on removal is taken to be what plaintiff in good faith has made it. He may be in error in respect to both facts and law, his complaint may show misjoinder on its face, but fraud cannot be predicated upon his mere mistakes, though they defeat removal. The exercise of the right aforesaid is consistent with good faith, for law is not settled by a litigant's belief or contention, but by the court's determination. This determination is for the trial, and not on remand.

[2] On remand, the issue is not what is the law of the case, but is the joinder fraudulent? And the fraud to be alleged and proven to make out fraudulent joinder is essentially that in any case—in general, willful or negligent misstatement of fact. See Railway Co. v. Willard, 220 U. S. 419, 31 Sup. Ct. 460, 55 L. Ed. 521, and cases cited.

Fraudulent joinder is not proven here, this court has no jurisdiction of the action, and the motion to remand is granted. Costs to plaintiff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes