# CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* WHITEAKER.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 111.   Submitted December 6, 1915.—Decided December 20, 1915.

In the absence of bad faith, the motive of the plaintiff in making defendants parties who are jointly liable does not affect the right to remove the case.

Whether the complaint states a cause of action against the resident defendant joined with a non-resident defendant, is a matter of state law.

Where, as in this case, the injured plaintiff had under the law of the State a right of action against a non-resident railroad company and also against one of its employés who is a resident, he has the right to join them both as defendants; and the non-resident cannot, in the absence of showing fraud on the part of the plaintiff, remove the case as to it into the Federal court.

Merely to traverse the plaintiff's allegations upon which the liability of resident defendant rests or to apply the epithet fraudulent to the joinder is not sufficient—the showing of fraud must compel the conclusion that the joinder was so absolutely without reasonable basis as to be made in bad faith.

252 Missouri, 439, affirmed.

THE facts, which involve the validity of the removal from the state to the Federal court of a case against joint

tort feasors one of which was a railroad company not a resident, and the other an individual resident, of plaintiff's State, are stated in the opinion.

*Mr. Paul E. Walker* and *Mr. M. L. Bell* for plaintiff in error:

The question for determination in this case is whether the removal of the suit to the Federal court should not have been allowed.

The allegations of fact, which the state court was obliged to accept as true, entitled the petitioning defendant to remove the suit to the United States court for the determination of their truth.

In support of contentions of plaintiff in error see *Ala. & Southern Ry.* v. *Thompson,* 200 U. S. 206; *American Car Co.* v. *Kettelhake,* 236 U. S. 311; Black's Dillon on Removal, §§ 76, 191; *Burlington, C. R. & N. Ry.* v. *Dunn,* 122 U. S. 513; *Boatmen's Bank* v. *Fritzlen,* 75 Kansas, 479; *Boatmen's Bank* v. *Fritzlen,* 135 Fed. Rep. 650; *S. C.,* 212 U. S. 364; *Chicago, R. I. & P. Ry.* v. *Schwyhart,* 227 U. S. 184; *Chicago, R. I. & P. Ry.* v. *Dowell,* 229 U. S. 102; *Carson* v. *Hyatt,* 118 U. S. 279; *Chesa. & Ohio Ry.* v. *McCabe,* 213 U. S. 207; *Chesa. & Ohio Ry.* v. *Cockrell,* 232 U. S. 146; *Dishon* v. *Cin. & Tex. Pac. Ry.,* 133 Fed. Rep. 471; *Donovan* v. *Wells, Fargo & Co.,* 169 Fed. Rep. 363; Foster, Fed. Prac., 5th ed., § 554; *Fritzlen* v. *Boatmen's Bank,* 212 U. S. 364; *Gibson* v. *Chesa. & Ohio Ry.,* 215 Fed. Rep. 24; *Hunter* v. *Ill. Cent. R. R.,* 188 Fed. Rep. 645; *Iowa Cent. Ry.* v. *Bacon,* 236 U. S. 305; *Ill. Cent. R. R.* v. *Sheegog,* 215 U. S. 308; *Ill. Cent. R. R.* v. *Outland,* 170 S. W. Rep. 48; *Kentucky* v. *Powers,* 201 U. S. 1; *Little York Water Co.* v. *Keyes,* 96 U. S. 199; *Lathrop* v. *Const. Co.,* 215 U. S. 246; Moon, Removal of Causes, § 177; *Rea* v. *Mirror Co.,* 73 S. E. Rep. 116; *Stone* v. *South Carolina,* 117 U. S. 430; *Sears* v. *Atch. &c. Ry.,* 147 S. W. Rep. 860; *Tex. & Pac. Ry.* v. *Eastern,* 214 U. S. 153; *Whit-*

*comb* v. *Smithson,* 175 U. S. 635; *Wecker* v. *Enameling Co.,* 204 U. S. 176.

*Mr. Pross T. Cross* and *Mr. James P. Gilmore* for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

Action for damages brought against the Chicago, Rock Island & Pacific Railway Company and Frank Drake as defendants in the Circuit Court of Clinton County, State of Missouri.

The action was for personal injuries inflicted upon defendant in error by Drake, who was a conductor on a train of the railway company. It is alleged that Drake, "while acting in the line of his duties to defendant railway company, as such conductor and agent and in the course of his employment, approached plaintiff (who was then sitting on the top of one of the cars in said train) . . . . and wrongfully and unlawfully" kicked him from the train while it was running at a high rate of speed, plaintiff being without fault. The injuries received were detailed, and judgment was prayed for $15,000.

The railway company filed a petition for removal of the case to the United States Circuit Court for the western district of Missouri in which it was alleged that the controversy was between citizens of different States, the plaintiff in the action being a citizen of Missouri and the railway company a citizen of Illinois. That the alleged cause of action was a separable controversy capable of determination between the plaintiff and the railway company; that Drake was joined as defendant for the sole and fraudulent purpose of preventing the company from removing the action from the state court, and thereby defeating the jurisdiction of the United States Circuit Court.

That plaintiff did not have and could not have had any cause of action against Drake or upon which to base a recovery against him, all which was known to plaintiff at the time of the institution of the action; that Drake was a man of small means, having but little property from which a judgment could be recovered, while the railway company had property more than sufficient to pay the amount sued for. That any act of negligence on the part of Drake was an act of the railway company and it was accordingly responsible and liable for the same. That plaintiff, when he instituted the action, had no reasonable hope, intention or expectation of recovering any judgment against Drake.

A bond was duly tendered and the petition was accompanied by two affidavits which in effect contradicted the allegations of the petition as to Drake by showing that he was not on top of the train and could not have attempted nor have done the acts charged against him.

The petition for removal was denied and the case subsequently tried to a jury which returned a verdict for plaintiff in the sum of $8,500, upon which judgment was entered. It was affirmed by the Supreme Court of the State.

There is but one question presented: the correctness of the ruling upon the petition for removal to the United States Circuit Court. The railway company assails the ruling in an elaborate argument and by an industrious review of cases. In reply recent decisions of this court need only be considered.

The Supreme Court of the State decided that the petition stated a cause of action against Drake and the railway company, and whether it did, we said in *Chicago, Rock Island & Pacific Ry.* v. *Schwyhart*, 227 U. S. 184, was a matter of state law. We held further that "the motive of plaintiff, taken by itself, does not affect the right to remove" and that "if there is a joint liability he has an

absolute right to enforce it, whatever the reason that makes him wish to assert the right." In that case as in this there was a petition for removal on the ground of fraudulent joinder of defendants to defeat Federal jurisdiction. The cases are substantially parallel.

In *Chesa. & Ohio Ry.* v. *Cockrell*, 232 U. S. 146, 152,. it was decided that it is not enough to assert that there was a fraudulent joinder of defendants but there must be "a statement of facts rightly engendering that conclusion," and that "merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." And "it was not such," it was said, "unless it was without any reasonable basis."

There is nothing more than a traverse of the cause of action in the present case. The attempt was made to show that Drake could not have been guilty as charged because he was elsewhere on the train. The language of the cited case is again applicable—"As no negligent act or omission personal to the railway company was charged and its liability, like that" of its employé, "was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants."

We conclude here as we concluded there that the plaintiff had a right of action under the law of the State and to insist upon Drake's presence as a real defendant "as upon that of the railway company." There was no error, therefore, in the ruling of the Supreme Court, and its judgment is

*Affirmed.*