## SOUTHERN RAILWAY COMPANY *v.* LLOYD.

### ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 296.   Argued November 29, 1915.—Decided January 10, 1916.

The Employers' Liability Act as amended in 1910 expressly provides that the state court has jurisdiction of actions thereunder and no case brought in the state court thereunder is removable to the Federal court merely because of diversity of citizenship.

The right of removal cannot be established by a petition which simply traverses the facts alleged in the complaint; the state court is only required to surrender its jurisdiction over a non-resident defendant joined with a resident when the facts alleged fairly raise the issue of fraud in the joinder.

An order of non-suit in the trial court as to the resident defendant from which plaintiff availed of a right of review by appeal to the higher court, does not make the case removable as to the non resident defendant. *American Car Co.* v. *Kettelhake,* 236 U. S. 311.

There having been testimony supporting plaintiff's allegations that he was engaged in interstate commerce, and the court having charged that the burden was on plaintiff to prove such allegation, the issue was properly left to the jury.

The conclusion of the state court, fully supported by the record that no issue was made or submitted to the trial court as to assumption of risk and therefore, under state practice no question concerning that subject is presented on appeal, denies no right of Federal character.

166 North Carolina, 24, affirmed.

THE facts, which involve the validity of the refusal of the state court to remove an action to the Federal Court and of its judgment in an action brought under the Employers' Liability Act, are stated in the opinion.

*Mr. John M. Wilson* with whom *Mr. L. E. Jeffries* and *Mr. H. O'B. Cooper* were on the brief for plaintiff in error.

*Mr. Aubrey L. Brooks* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

W. L. Lloyd, herein called the plaintiff, brought his action in the Superior Court of Guilford County, North Carolina, against the defendant, the Southern Railway Company, joined with its lessor, the North Carolina Railroad Company. The action was brought under the Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, as amended April 5, 1910, c. 143, 36 Stat. 291.

The North Carolina Railroad Company is a corporation of the State of North Carolina, owning a railroad line extending from Goldsboro, North Carolina, to Charlotte, in the same State. The Southern Railway Company is organized under the laws of the State of Virginia, and is a common carrier engaged in interstate commerce, transporting freight and passengers from the city of Washington, District of Columbia, through Greensboro, and over the tracks of the North Carolina Railroad Company through Spencer, Salisbury and Charlotte.

The petition charges that the Southern Railway Company was, at the time of the injuries complained of, operating as lessee of the North Carolina Railroad Company the roads and side tracks at Spencer; that on January 12, 1911, plaintiff was employed as an engineer by the defendant, Southern Railway Company, upon its freight trains running over said line of road from Spencer, North Carolina, to Monroe, Virginia, and was engaged in interstate traffic; that upon said date he was directed as engineer to take charge of a certain engine at Spencer, to ascertain whether the same was in serviceable condition, as it had just come from the repair shops; that while he was operating the engine on one of the side tracks of the North Carolina Railroad Company's main line at Spencer, and was oiling and inspecting the same, in stooping over the engine to ascertain if the ash-pan and other equipments were in proper condition, a lever about two

feet long, located at the rear of the driving wheel and the lower side of the engine, used for the purpose of operating the damper to the ash-pan, tripped and violently struck the plaintiff in the forehead, causing serious harm and injury; that the defective condition was known to the Southern Railway Company, and unknown to the plaintiff; that the plaintiff, at the time of the injury, was employed by the Southern Railway Company for the purpose of transporting interstate commerce running to and from Spencer, North Carolina, along the main line of the Southern Railway Company, part of which said line included the portion of said North Carolina Railroad Company's line leased by the Southern Railway Company from Greensboro, North Carolina, to Spencer, North Carolina; that the engine upon which the plaintiff was hurt was, and had been, exclusively used by the Southern Railway Company in the transportation of interstate commerce over the line of said road between Spencer and Monroe, Virginia, and that the plaintiff, at the time of his injury, was in charge of said engine. Negligence of the Southern Railway Company is charged in furnishing the plaintiff with an unsafe and dangerous engine, knowing the same to be such, and thereby rendering the plaintiff's employment hazardous and dangerous, and unnecessarily exposing him to peril.

The Southern Railway Company in due season filed its petition for removal of the case to the District Court of the United States for the Western District of North Carolina, because of its diversity of citizenship with the plaintiff, and alleging that the joinder of the North Carolina Railroad Company, the local defendant, was fraudulently made to avoid Federal jurisdiction; that the plaintiff was not engaged in interstate commerce at the time of the accident; that the engine upon which he was injured was not engaged in any kind of commerce at the time of the accident; and that these allegations in the petition were

fraudulent and false, which the plaintiff knew, or could have ascertained by the exercise of the slightest diligence upon his part. The court refused to remove the case, to which refusal the Southern Railway Company excepted.

Upon issue joined, the case came on for trial at the February Term, 1913, of the Superior Court of Guilford County. At the close of plaintiff's testimony, the court intimated that there was no cause of action against the North Carolina Railroad Company; upon this intimation a nonsuit was taken as to that company. Thereupon the Southern Railway Company filed a second petition for removal which the court, after argument, granted, and an order was made, removing the case to the District Court of the United States for the Western District of North Carolina. The plaintiff excepted to this order of removal, and to the non-suit as to the North Carolina Railroad Company, and upon appeal to the Supreme Court of North Carolina that court held that the case should not have been removed, and remanded it to the Superior Court of Guilford County for trial. 162 Nor. Car. 485.

The case coming on again for trial in the Superior Court, the Southern Railway company renewed its objections to the jurisdiction by a plea, and set up that the case had been docketed in the District Court of the United States for the Western District of North Carolina, that no motion had been made to remand the same, that the order removing it had not been revoked, and that the case was then pending for trial in the District Court as aforesaid. The North Carolina Railroad Company also filed a plea to the jurisdiction. These pleas were overruled, and upon trial a verdict and judgment was rendered in favor of the plaintiff. Upon appeal to the Supreme Court of North Carolina, that judgment was affirmed. 166 Nor. Car. 24.

From the statement of the case already made, it is apparent that the plaintiff sought to recover under the

Federal Employers' Liability Act, joining both railroad companies upon the theory that the lessor company remained liable under the law of North Carolina upon the cause of action asserted by the plaintiff. See *North Carolina R. R.* v. *Zachary*, 232 U. S. 248. On the face of the petition a case was made invoking the jurisdiction of the state court to recover under the Federal act, because of the negligence charged. That the state court had jurisdiction of such an action is expressly provided by the Federal statute. Act of April 5, 1910, c. 143, 36 Stat. 291.

In no case can the right of removal be established by a petition to remove which amounts simply to a traverse of the facts alleged in the plaintiff's petition, and in that way undertaking to try the merits of a cause of action, good upon its face. *Chesa. & Ohio Rwy.* v. *Cockrell*, 232 U. S. 146. It is only in cases wherein the facts alleged in the petition for removal are sufficient to fairly raise the issue of fraud that the state court is required to surrender its jurisdiction. The order of non-suit in the trial court as to the North Carolina Railroad Company, appealed from by plaintiff with the right of review in the Supreme Court of the State, did not make the case removable as to the Southern Railway Company. *American Car Co.* v. *Kettelhake*, 236 U. S. 311. Moreover, as we shall see later, under the Employers' Liability Act, no case is removable merely because of diversity of citizenship.

The act of 1910, *supra*, expressly gives jurisdiction to the state court, and provides that no case arising under its provisions brought in a state court of competent jurisdiction shall be removed to any court of the United States. Section 28 of the Judicial Code, 36 Stat. 1087, 1094, contains a like provision, and expressly provides that no case arising under the Employers' Liability Act or any amendment thereto, brought in a state court of competent jurisdiction, shall be removed to any court of the United States. The question of the effect of this provision upon the right

to remove a case because of diversity of citizenship, since the passage of the act referred to, was before this court and passed upon in *Kansas City Southern Rwy.* v. *Leslie,* 238 U. S. 599. It was therein held that there was no authority to remove such action from the state court to the Federal court because of diversity of citizenship. Nor did the alleged fraudulent joinder of the local defendant in the state court give such right. *North Carolina R. R.* v. *Zachary, supra.* And see *Chicago, Rock Island & Pacific Ry.* v. *Whiteaker,* decided in this court, December 20, 1915, *ante,* p. 421. Such right did not arise from the allegation of the removal of the petition that the injury did not happen in interstate commerce. *Chesa. & Ohio R. R.* v. *Cockrell, supra.* It follows that the state court did not err in its judgment as to the right of removal upon the facts presented in this case.

As to other questions of a Federal character, they may be briefly disposed of. It is insisted that the trial court should have given the instruction requested by the railroad company to the effect that upon the facts shown the plaintiff was not engaged in interstate commerce at the time of his injury. Upon this subject there is testimony in the record to support the allegations of plaintiff's petition and the charge to the jury as given. The trial court charged that in order to recover, the burden was upon the plaintiff to show that at the time he received his injury he was engaged in interstate commerce. In refusing the request asked, and leaving the issue to the jury, the trial court committed no error, and the Supreme Court of the State rightly affirmed the judgment in that respect. *North Carolina R. R.* v. *Zachary, supra; Pederson* v. *Del., Lack. & West. R. R.,* 229 U. S. 146; *New York Central R. R.* v. *Carr,* 238 U. S. 260; *Pennsylvania Co.* v. *Donat,* decided by this court November 1, 1915, *ante,* p. 50.

The court properly refused the request as to contributory negligence and gave the rule laid down in the Em-

ployers' Liability Act. As to assumption of risk, the Supreme Court held that no such issue was made or submitted to the trial court, (a conclusion fully supported by the record,) and therefore under the state practice no question concerning that subject was presented on appeal. This conclusion denied no right of a Federal character.

*Judgment affirmed.*