JOHN BUSCH, Respondent, *v.* BROOKLYN EASTERN DISTRICT TERMINAL COMPANY, Appellant.

Second Department, November 20, 1925.

**Pleadings — motion for permission to amend answer to deny allegation in complaint denied.**

While an allegation in the complaint is not denied by the defendant, a motion to amend its answer for the purpose of denying that allegation will be denied, where it appears that on an examination before trial the defendant discovered not that the allegation was erroneous, but that because of the condition of

defendant's records the plaintiff would be unable to prove it, and for the further reason that the attitude of the defendant on the examination before trial was not such as to commend itself to the court.

APPEAL by the defendant, Brooklyn Eastern District Terminal Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 3d day of October, 1925, denying its motion for permission to serve and file an amended answer.

*Branch P. Kerfoot,* for the appellant.

*Ralph G. Barclay* [*Louis Rothbard* with him on the brief], for the respondent.

PER CURIAM:

The learned court at Special Term denied the motion on the ground that the defendant would not be benefited by the privilege of serving an amended answer. We agree with the court's conclusion but think that the reason therefor is erroneous. If the allegation in the complaint of interstate commerce is now denied, the plaintiff will have the burden of proving it. An examination of the papers and the testimony given on an examination before trial in this case leads to the conclusion that the defendant did not discover that the allegation in the complaint was erroneous but it did discover that it would be difficult, if not impossible, for the plaintiff to establish it from the defendant's records. The result of granting the motion, therefore, would be to impose on the plaintiff a burden which, owing to the condition of the defendant's records, he would be unable to bear. (Federal Employers' Liability Act, 35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143; *Southern Railway* v. *Lloyd,* 239 U. S. 496.)

The attitude of the officers and employees of the defendant upon the examination was that they would furnish just as little information as possible. Some of them said that they threw the subpoena *duces tecum* into the waste basket; others that they read it but paid no attention to it; and the examination itself shows a studied effort to escape giving information. Under these circumstances the attitude of the defendant was not such as to commend itself to this court, and we think that the discretion of the court at Special Term was wisely exercised.

The order denying defendant's motion for leave to serve an amended answer should, therefore, be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, JAYCOX, YOUNG and KAPPER, JJ., concur.

Order denying motion for leave to serve amended answer affirmed, with ten dollars costs and disbursements.