KRAUS v. CHICAGO, B. & Q. R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. November 24, 1926.)

No. 7331.

1. **Removal of causes** ⊜➝36, 86(2)—Allegation of petition for removal that plaintiff fraudulently joined defendant to prevent removal held insufficient, as conclusion and because motive is immaterial.

Allegation of petition for removal that plaintiff fraudulently joined resident defendant to prevent removal *held* insufficient as mere conclusion, and because it is not fraudulent to join tort-feasors, regardless of motive.

2. **Removal of causes** ⊜➝36—Pecuniary irresponsibility of resident defendant, or plaintiff's motive in joining him, is immaterial.

Pecuniary irresponsibility of resident defendant, or plaintiff's motive in making him party, is immaterial in determining whether cause is removable.

3. **Removal of causes** ⊜➝36—Allegation that plaintiff did not intend to prosecute action to conclusion against resident defendant held not to warrant removal.

Allegation of petition for removal that plaintiff did not intend to prosecute action to

conclusion against resident defendant, or to satisfy any judgment out of his property, *held* not to authorize removal to federal court.

**4. Removal of causes 86(1)—Allegations of petition for removal, merely traversing facts in plaintiff's petition, are insufficient.**

Allegations of petition for removal of alleged separable controversy to federal court for diverse citizenship, which merely traverse facts alleged in plaintiff's petition, are insufficient.

**5. Statutes 226—Rule that statute will be construed as it is construed by courts of state from which it is taken is subject to many exceptions.**

Rule that courts will adopt construction of statute which has been placed on it by courts of state from which it is taken is not absolute, but is subject to many exceptions.

**6. Removal of causes 36—Joinder of master and servant as defendants in personal injury action for servant's negligence held not fraudulent, where construction of local statute is uncertain (Comp. St. Wyo. 1920, § 5593).**

Where construction by state courts of Comp. St. Wyo. 1920, § 5593, relating to joinder of defendants, was uncertain, joinder of master and servant as defendants in action for personal injuries arising from servant's negligence is not fraudulent as matter of law, as respects removal to federal court for diverse citizenship; test being plaintiff's good faith, and not probability of ultimate sanction of joinder of local court as principle of law.

**7. Removal of causes 36—Joinder as defendants of those who cannot be joined under local law to prevent removal may be fraudulent.**

Under some circumstances it may be fraudulent to join as defendants, to prevent removal of case to federal court, those who cannot be joined under known local law; but each case of fraud depends on its own facts.

In Error to the District Court of the United States for the District of Wyoming; T. Blake Kennedy, Judge.

Action by Harry B. Kraus against the Chicago, Burlington & Quincy Railroad Company and another. Plaintiff's motion to remand to state court was overruled (3 F.[2d] 277), judgment of dismissal was entered, and plaintiff brings error. Reversed, with directions to remand case to state court.

H. C. Brome, of Basin, Wyo. (Thomas M. Hyde, of Basin, Wyo., and W. L. Walls, of Cheyenne, Wyo., on the brief), for plaintiff in error.

A. C. Campbell, of Cheyenne, Wyo., and A. E. Stirrett, of Casper, Wyo. (Bruce Scott and J. C. James, both of Chicago, Ill., on the brief), for defendants in error.

Before LEWIS, Circuit Judge, and MUNGER and FARIS, District Judges.

MUNGER, District Judge. The questions involved in this case relate to the denial of the plaintiff's motion to remand the case to the state court. The plaintiff below is the plaintiff in error. He filed a petition in the state court of Wyoming against the Chicago, Burlington & Quincy Railroad Company and F. D. Stone, alleging that the plaintiff, as an employé of the Union Tank Car Company, as a part of his duties, was painting and repairing one of his employer's tank cars, which was then upon a railway track near an oil refinery in Wyoming, and that, while he was so employed, the defendants negligently propelled some tank cars against the car on which the plaintiff was working, causing the injuries of which he complains. Stone is alleged to have been the engineer in charge of the railway engine that caused the cars to be driven against the car on which the plaintiff was at work. Both the defendants were served with summons. The railroad company filed a petition for the removal of the case to the United States District Court upon the ground of a separable controversy between the plaintiff and itself, alleging diversity of citizenship, but did not allege that Stone and the plaintiff were citizens of different states.

The petition for removal charged (1) that the plaintiff had fraudulently joined the defendants as parties to prevent removal of the action from the state court; (2) that Stone had little means and was unable to satisfy any judgment that might be recovered, while the railroad company was able to satisfy such judgment; (3) that plaintiff did not intend to prosecute the action to a conclusion against Stone, or to satisfy any judgment obtained out of Stone's property. In addition the railroad company alleged (4) that Stone was a mere employé of the railroad company, and was operating the engine in backing the cars which struck the car on which plaintiff was working; that it was customary to protect cars on this track by the display of a blue flag, when men were at work about them, but that no such flag was displayed on this occasion; and that the engineer was not negligent in backing the cars, because of the absence of the blue flag, and because he was obeying a proper signal of another employé of the railroad company. The motion to remand alleged that both the plaintiff and Stone were residents of Wyoming and that the action was improperly removed.

[1] It must be conceded that the removal was improper, if the defendants were properly joined. The plaintiff made no denial of the allegations in the petition for removal, but he contends that they were insufficient to author-

ize a removal. Allegations substantially the same as those contained in the petition for removal have been declared insufficient for that purpose in a number of cases decided by the Supreme Court of the United States, where similar questions were involved. The allegation (1) that one of the defendants was joined for the fraudulent purpose of preventing removal was also made in substance in the petitions for removal considered in Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 315, 316, 30 S. Ct. 101, 54 L. Ed. 208; Chicago, R. I. & Pac. Ry. v. Schwyhart, 227 U. S. 184, 193, 33 S. Ct. 250, 57 L. Ed. 473; Chicago, R. I. & Pac. Ry. Co. v. Dowell, 229 U. S. 102, 112, 113, 33 S. Ct. 684, 57 L. Ed. 1090; Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 151, 152, 34 S. Ct. 278, 58 L. Ed. 544; Chicago, R. I. & Pac. Ry. v. Whiteaker, 239 U. S. 421, 423, 424, 425, 36 S. Ct. 152, 60 L. Ed. 360; McAllister v. Ches. & Ohio Ry. Co., 243 U. S. 302, 304, 310, 37 S. Ct. 274, 61 L. Ed. 735, but was held insufficient, because it was not a statement of fact, but was a mere conclusion, or the use of an epithet, and. because it is not fraudulent to elect to sue tort-feasors jointly, where there is a joint and several liability, whatever may be the motive of the one bringing the suit.

[2] The second allegation, that Stone had little means and was unable to satisfy any judgment recovered is similar to allegations in the petitions for removal in Chicago, R. I. & Pac. Ry. v. Schwyhart, 227 U. S. 184, 193, 33 S. Ct. 250, 57 L. Ed. 473, Chicago, R. I. & Pac. Ry. v. Dowell, 229 U. S. 102, 110, 114, 33 S. Ct. 684, 57 L. Ed. 1090, and Chicago, R. I. & Pac. Ry. v. Whiteaker, 239 U. S. 421, 424, 36 S. Ct. 152, 60 L. Ed. 360, but was held insufficient, because it is not fraudulent to enforce an absolute legal right by a suit, even if the defendant may not be able to satisfy the judgment, and the motive of the plaintiff in such a suit is of no importance.

[3] The third allegation, that plaintiff did not intend to prosecute the action to a conclusion against Stone, or to satisfy out of Stone's property any judgment obtained, is substantially the same as was contained in the petitions for removal in Chicago, R. I. & Pac. Ry. v. Whiteaker, 239 U. S. 421, 424, 425, 36 S. Ct. 152, 153 (60 L. Ed. 360), where it was alleged that "plaintiff, when he instituted the action, had no reasonable hope, intention or expectation of recovering any judgment against Drake," and to the allegation in the petition for removal in McAllister v. Ches. & Ohio Ry. Co., 243 U. S. 302, 304, 311, 37 S. Ct. 274, 275 (61 L. Ed. 735), that one defendant was made a party "without any intention

16 F.(2d)—6

on the part of the plaintiff of proving against it any of the acts of negligence alleged in the petition."

[4] The fourth and remaining charge, that the facts stated in the plaintiff's petition were not true, and that Stone was not negligent in what he did, is a mere denial of the allegations of the plaintiff's petition. Similar denials were contained in the petitions for removal in Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 315, 319, 30 S. Ct. 101, 54 L. Ed. 208, where it was charged that the allegation of joint negligence was knowingly false; in Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 151, 152, 153, 34 S. Ct. 278, 58 L. Ed. 544, where it was alleged that the charges of negligence were each and all false and untrue and made as a basis for the fraudulent joinder of the defendants; in Chicago, R. I. & Pac. Ry. v. Whiteaker, 239 U. S. 421, 424, 425, 36 S. Ct. 152, 60 L. Ed. 360, where it was alleged that plaintiff had no cause of action against Drake, as the plaintiff well knew when he brought suit; and in Southern Railway v. Lloyd, 239 U. S. 496, 497, 501, 36 S. Ct. 210, 60 L. Ed. 402, where the petition for removal alleged that an injury did not occur in interstate commerce, although plaintiff's petition had alleged the contrary.

Allegations of the nature of those contained in the third and fourth charges were condemned in the cases cited as insufficient charges of a fraudulent joinder of defendants, because they merely traversed the allegations of the plaintiff as to the liability of the resident defendant, and it was declared that the plaintiff in such a case could not be deprived of a trial before the only tribunal that had jurisdiction by an allegation in the petition for removal that the plaintiff's averments were false. See, also, Louisville & Nashville R. R. Co. v. Wangelin, 132 U. S. 599, 603, 10 S. Ct. 203, 33 L. Ed. 474.

There is a further claim by the defendant in error that a fraudulent joinder of the defendants is shown, because the plaintiff could not legally join as defendants, under the laws of Wyoming, the engineer and the railway company which employed him. The petition for removal denied that the engineer was guilty of any negligence. The same condition was presented in Chicago, R. I. & Pac. Ry. v. Whiteaker, 239 U. S. 421, 425, 36 S. Ct. 152, 153 (60 L. Ed. 360) where the court said:

"There is nothing more than a traverse of the cause of action in the present case. The attempt was made to show that Drake could not have been guilty as charged because he was elsewhere on the train. The language of the cited case is again applicable; 'As no

negligent act or omission personal to the railway company was charged and its liability, like that' of its employé, 'was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants.' "

And under similar circumstances the court said in Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 153, 34 S. Ct. 278, 280 (58 L. Ed. 544):

"Putting out of view, as must be done, the epithets and mere legal conclusions in the petition for removal, it may have disclosed an absence of good faith on the part of the plaintiff in bringing the action at all, but it did not show a fraudulent joinder of the engineer and fireman. With the allegation that they were operating the train which did the injury standing unchallenged, the showing amounted to nothing more than a traverse of the charges of negligence, with an added statement that they were falsely or recklessly made, and could not be proved as to the engineer or fireman. As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employés, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants. Plainly, this was not such a showing as to engender or compel the conclusion that the two employés were wrongfully brought into a controversy which did not concern them. As they admittedly were in charge of the movement of the train, and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company. We conclude, therefore, that the petition for removal was not such as to require the state court to surrender its jurisdiction."

[5, 6] It is the claim of the defendant in error that a statute of Wyoming prohibits the joinder as defendants of a master and servant in an action for negligence wherever the master's liability depends on the application of the rule of respondeat superior. Section 5593 of the Compiled Statutes of Wyoming (1920) reads as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of a question involved therein."

This has been a portion of the Code of Civil Procedure in Wyoming since the first territorial Legislature. See Laws Wyo. 1869, pp. 508, 684. It is claimed that this Code provision was adopted from Ohio, that it had been construed by the Supreme Court of Ohio in Clark v. Fry, 8 Ohio St. 358, 72 Am. Dec. 590, and prior to its adoption by Wyoming, to prevent the joinder of defendants of this class, and that it must be presumed that the Supreme Court of Wyoming will adopt this construction, when the question shall be presented to it. There is no absolute rule which requires the adoption of the construction of a statute which is taken from another state, and the rule that the adopting state will lean to the construction which has been placed upon the statute by the courts of the state from which it was taken is subject to many exceptions. Coulan v. Doull, 133 U. S. 216, 233, 10 S. Ct. 253, 33 L. Ed. 596; 36 Cyc. 1157. The provision in the Code of Ohio was adopted on March 11, 1853 (3 Curwen's Rev. Stats. of Ohio, p. 1943), but it was adopted by Ohio from the Code of New York, which took effect July 1, 1848 (New York Code of Procedure 1849, § 118).

The provision in the original Code of Civil Procedure of New York has been enacted in most of the states of the United States, in the same words, or in substantially the same form. There are some states in which the rule prevails that a master and servant may not be joined in a suit for injuries arising from the servant's negligence, where the master's liability depends on the rule of respondeat superior, but the rule is otherwise in most of the states. Labatt on Master & Servant (2d Ed.) § 1619; 39 Corp. Jur. 1314. There is no such certainty that the Supreme Court of Wyoming will follow the decision of the Ohio Supreme Court, in construing this section of the Wyoming Code of Civil Procedure, that it may be said as a matter of law, that a plaintiff is guilty of fraud in joining as defendants a master and servant in an action for injuries arising from the negligence of the servant. The test of the joinder is the good faith of the plaintiff, and not the probability of the ultimate sanction of it by the local court as a principle of law. In the case of Alabama Southern Ry. v. Thompson, 200 U. S. 206, 218, 26 S. Ct. 161 (50 L. Ed. 441, 4 Ann. Cas. 1147), it was said:

"As shown in the opinion of the Chief Justice in the Carson Case [Dixon Case, 179

U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121], supra, the cases are in difference as to whether a common-law action can be sustained against master and servant jointly because of the responsibility of the master for the acts of the servant in prosecuting the master's business. In good faith, so far as appears in the record, the plaintiff sought the determination of his rights in the state court by the filing of a declaration in which he alleged a joint cause of action.

"Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think in the light of the adjudications above cited from this court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now, that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court."

[7] Each case of fraud depends upon its own facts, and under some circumstances it might be fraudulent to join as defendants, for the purpose of preventing removal of the case, those who could not be joined, as determined by the known law of the state where the suit was brought (Scherrer v. Foster [D. C.] 5 F.[2d] 236, 238), but where the right of joinder has not been settled by the local law, fraud cannot be predicated upon an endeavor to obtain a decision upholding a right of joinder, which has been sustained by the decisions of many courts of last resort (McGarvey v. Butte Miner Co. [D. C.] 199 F. 671, 672).

If, as has been shown by the cases cited, fraud cannot be shown by a traverse in the petition for removal of the facts alleged in the plaintiff's complaint as the basis of his right of action, it may not be shown by a denial of the propositions of law necessarily relied upon by the plaintiff, when there is a reasonable ground for the plaintiff's belief that the propositions will be sustained.

For these reasons, the case was improperly removed, and the judgment will be reversed, with directions to remand the case to the state court.