MORRIS WEINRIB, INDIVIDUALLY, AND TRADING AS STORE FIXTURE EXCHANGE, PLAINTIFF, v. OHMER REGISTER CO., INC., A .CORPORATION OF THE STATE OF OHIO, AND SIMON URDANG, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE, DEFENDANTS.

Argued November 5, 1938—Briefs Submitted January 8, 1939. Decided May 29, 1939.

Before Justice HEHER, at the Passaic Circuit.

For the plaintiff, *Burton B. Wiener*.

For the petitioning defendant, *Evans, Smith & Evans*.

HEHER, J. The gravamen of the complaint is the "speaking and publishing" by defendant Urdang, "acting" as the "agent and servant" of his co-defendant—it is also alleged that he was the company's "authorized agent * * * for the purpose of furthering and fostering sales of cash registers manufactured by" it—"in the presence and place of business" of others, "including certain customers" of plaintiff, of certain "false, scandalous and defamatory words of and concerning the plaintiff * * * for the purpose of injuring" him "in his good name, integrity, fame and reputation for honesty and reliability" in his business; and the corporate defendant's petition for removal, under section 28 of the Federal Judicial Code (28 *U. S. C. A.*, § 71), is grounded in the claim that the "litigation presents a separable controversy as to" it, and "properly could be fully determined without the presence of" the individual defendant, and the cause is therefore removable for diversity of citizenship.

More specifically, it is averred that the complaint does not allege that the corporate defendant authorized the uttering by its co-defendant of the pleaded defamatory words, or that it "ratified" his "acts;" that, under the laws of New Jersey, "the mere fact that a person is employed by another does not furnish any basis to find as a fact that he has implied power to make false and scandalous accusations;" that Urdang, a citizen of New Jersey, "is wrongfully and fraudulently joined as a defendant" with the petitioning defendant "for the sole purpose of preventing a removal" of the cause to the Federal Court, and such joinder "was merely a sham or device to prevent an exercise of such a removal by this defendant;" that "plaintiff well knew all along that this defendant was not in any degree whatsoever responsible for the alleged action of the defendant" Urdang, and was "not guilty of any joint tort and was not present when defendant" Urdang "allegedly spoke the false, scandalous and defamatory

words, and that this defendant did no act or deed which caused or contributed to any damage alleged to have been suffered by the plaintiff."

The rule is invoked that the "power to make false and slanderous accusations" is not to be implied from the relationship of master and servant (citing *Peterson* v. *Crossley,* 14 *N. J. Mis. R.* 501; *affirmed,* 117 *N. J. L.* 525); and it is argued that the complaint on its face discloses an "improper joinder," and that the allegations of the petition for removal, which "must be taken by a state court as true," reveal the joinder as "a sham or fraudulent device to prevent a removal." I do not yield the argument so made.

Apart from the cited allegations of the complaint, it is pleaded that the utterances complained of "were false and malicious and were spoken by the said" Urdang "as the agent and servant of" the corporate defendant, "for the purpose of so injuring * * * plaintiff in the operation of his said business that it," the corporate defendant, "would secure the sales which might otherwise go to its competitor, the said plaintiff."

While not phrased with technical nicety, these averments, if established by evidence, are sufficiently broad to sustain a judgment against the corporate defendant for the averred tortious act of its servant. And it was proper to join the master and servant as defendants in the one suit. See *Hoboken Printing Co.* v. *Kahn,* 59 *N. J. L.* 218; *Evening Journal Association* v. *McDermott,* 44 *Id.* 430; *Brokaw* v. *New Jersey Railroad and Transportation Co.,* 32 *Id.* 328. The legal sufficiency of the complaint and the procedural propriety of the joinder are questions of state law. *Chicago, R. I. and P. R. Co.* v. *Schwyhart,* 227 *U. S.* 184; 33 *S. Ct.* 250; 57 *L. Ed.* 473; *Chicago, R. I. and P. R. Co.* v. *Whiteaker,* 239 *U. S.* 421; 36 *S. Ct.* 152; 60 *L. Ed.* 360; *Erie Railroad Co.* v. *Tompkins,* 304 *U. S.* 64; 58 *S. Ct.* 817; 82 *L. Ed.* 1188. Moreover, the technical sufficiency of the complaint as regards the corporate defendant is a wholly irrelevant inquiry in this proceeding, for it is plainly adequate as to the individual defendant, who is a citizen of the same state as the plaintiff.

And it is also the settled rule that, where the claim is fraudulent joinder to prevent removal, it is requisite that the petition contain a "statement of facts rightly engendering" such a conclusion; otherwise, the state court is not ousted of jurisdiction. The bare allegation that the joinder was so motivated does not suffice. The showing must be such "as compels the conclusion that the joinder is without right and made in bad faith;" merely to traverse the allegations of liability is not enough. *Chesapeake and Ohio Railroad Co.* v. *Cockrell,* 232 *U. S.* 146; 34 *S. Ct.* 278; 58 *L. Ed.* 544; *Wilson* v. *Republic Iron and Steel Co.,* 257 *U. S.* 92; 42 *S. Ct.* 35; 66 *L. Ed.* 144; *Phoenix Insurance Co.* v. *Pechner,* 95 *U. S.* 183; 24 *L. Ed.* 427; *Chicago, R. I. and P. R. Co.* v. *Dowell,* 229 *U. S.* 102; 33 *S. Ct.* 684; 57 *L. Ed.* 1090; *Chicago, R. I. and P. R. Co.* v. *Whiteaker, supra; Southern Railroad Co.* v. *Lloyd,* 239 *U. S.* 496; 36 *S. Ct.* 210; 60 *L. Ed.* 402; *George Weston, Ltd.,* v. *New York Central Railroad Co.,* 115 *N. J. L.* 564. See, also, *National Condensed Milk Co.* v. *Brandenburgh,* 40 *Id.* 111, 113.

Where the plaintiff has elected, in good faith, to sue jointly in tort a foreign corporation and its servant whose alleged misconduct caused the injury complained of, there is no separable controversy within the intendment of the removal statute, even though the joinder may be improper. *Alabama G. S. R. Co.* v. *Thompson,* 200 *U. S.* 206; 26 *S. Ct.* 161; 50 *L. Ed.* 441. In *Powers* v. *Chesapeake and Ohio Railroad Co.,* 169 *U. S.* 92; 18 *S. Ct.* 264; 42 *L. Ed.* 673, Mr. Justice Gray thus stated the rule: "It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, 'a defendant has no right to say that an action shall be several, which a plaintiff elects to make joint. * * * A separate defense

may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to a final determination in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' "

Here, the individual defendant is not a "formal or unnecessary" party within the intendment of *Salem Trust Co.* v. *Manufacturers' Finance Co.,* 264 *U. S.* 182; 44 *S. Ct.* 266; 68 *L. Ed.* 628. In that case, the defendant having the same citizenship as the plaintiff was a mere stake-holder; "no cause of action" existed against it, because it had not been determined "which of the other parties" was "entitled to payment."

Motion denied, with costs.