**THOMAS, Adm'r v. THOMPSON et al.**
**REECE v. THOMPSON et al.**
Nos. 1801–1804.

United States District Court
E. D. Arkansas, W. D.

Oct. 20, 1948.

Bob Bailey, of Russellville, Ark., for plaintiffs.

Brady Pryor, of Fort Smith, Ark., for defendants.

TRIMBLE, District Judge.

These actions originated in the Circuit Court of Conway County, Arkansas, against the Trustee of the Missouri Pacific Railroad Company and D. C. Fowler, the engineer of the train involved in the accident, he being a resident of this state.

The specifications of negligence upon which liability is predicated are numerous, and may be summarized as follows: 1. Failure to maintain a safe crossing, (2) failure to maintain a watchman at the crossing, (3) failure to maintain a signal or sign warning the public, (4) operating a train at a high and dangerous speed in violation of city ordinance (5) not keeping a proper lookout under the statute (6) obstructing the view of the crossing (7) discovered peril (8) and failure to give statutory signals by bell or whistle. Some of these allegations cannot be considered as against the engineer. This action was removed to this court in accordance with the provisions of Sections 1441 and 1446 New Federal Judicial Code, Act of June 25, 1948, Public Law 773, (H.R. 3214), 80th Congress, second Session, effective September 1, 1948.

The non-resident trustee bases his right of removal to this court upon sub-section (c) of Section 1441 of the New Federal Judicial Code, supra, and in his petition alleges:

"the action as against the petitioner is a separate and independent claim or cause of action, which would be removable if sued upon alone;"

The plaintiff filed motions to remand, alleging the resident engineer was a necessary party.

Section 1441(b) provides in the last sentence:

"Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Section 1441(c) of the New Federal Judicial Code, upon which petitioner predicates his claim of right to remove this action to this court, refers to "a separate and independent claim or cause of action," and nowhere refers to parties, or to separable controversies.

The notes of the revisors in the preliminary draft of the proposed New Federal Judicial Code says of this sub-section:

"Subsection (c) has been substituted for the provision in section 71 of Title 28 U.S. C., 1940 ed., 'and when in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States.'

226

"This quoted language has occasioned much confusion. The courts have attempted to distinguish between separate and separable controversies, a distinction which is sound in theory but illusory in substance. * * *

"Subsection (c) permits the removal of separate causes of action but not of separable controversies. In this respect it will somewhat decrease the volume of federal litigation."

If the resident engineer is a proper party to these actions, then the actions must be remanded to the state court.

■ Whether the resident defendant, the engineer, is a proper party to this action is a matter of state law. Chicago, Rock Island & Pac. Ry. Co. v. Whiteaker, 239 U.S. 421, 424, 36 S.Ct. 152, 153, 60 L. Ed. 360. "The supreme court of the state decided that the petition stated a cause of action against Drake (the resident defendant) and the railway company, and whether it did, we said in Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473, was a matter of state law." In the Schwyhart case, supra [227 U.S. 184, 33 S.Ct. 251], the court said: "The joint liability of the defendants under the declaration as amended is a matter of state law, and upon that we shall not attempt to go behind the decision of the highest court of the state before which the question could come."

■ In a case arising in this court, Wells v. Missouri Pac. R. Co., 87 F.2d 579, 582, the Court of Appeals for this Circuit said: "The liability of all the defendants to the plaintiff under the allegations of the complaint is to be determined by the law of the state of Arkansas." It then remains only to determine under the law of Arkansas if the resident engineer is a proper party to this action.

In a similar case the Arkansas Supreme Court held:

"A complaint alleging that a railroad company and a resident engineer failed to ring the bell and sound the whistle at a public crossing and failed to exercise care for the safety of persons about to cross held to state a cause of action against a resident engineer, thus preventing a removal of the action by the railroad company, a foreign corporation." Chicago R. I. & P. Ry. Co. v. McKamy, 180 Ark. 1095, 25 S. W.2d 5.

The Court of Appeals for this Circuit, in the case of Thompson et al. v. Moore, 109 F.2d 372, 374, affirmed the judgment of this court. They said:

"Under the law of Arkansas it was the privilege of Mrs. Moore, the injured party, to say whether her controversy was with one or both of the joint tort-feasors whose concurrent negligence she claimed caused her injury. * * * One of two joint tort-feasors has no right to say that an action is several which the injured party claims is joint."

A consideration of the cases cited, and others not cited, and of the provisions of the Code, convinces me that the engineer is a proper party, and these cases were not removable to this court.