Charles K. SIMMONS, Sr., Administrator of the ESTATE OF Charles K. SIMMONS, Jr., Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY COMPANY, Norfolk Southern Corporation, and Jody A. Thomas, Defendants.

No. CIV.04–205–GPM.

United States District Court, S.D. Illinois.

June 30, 2004.

Robert H. Gregory, Law Offices of Robert H. Gregory, East Alton, IL, for Plaintiff.

Heath H. Hooks, Kurt E. Reitz, Thomas W. Alvey, Jr., Thompson Coburn, Belleville, IL, for Defendants.

### MEMORANDUM AND ORDER

MURPHY, Chief Judge.

Before the Court is a motion to remand. Charles K. Simmons, Sr., brought suit in state court against the Norfolk Southern Railway Company and Norfolk Southern Corporation ("Norfolk") and its engineer, Jody A. Thomas, for the wrongful death of his decedent. Simmons also asserts a claim under the Illinois Survival Act and a claim for medical and funeral expenses. These are separate claims and, for pur-

poses of determining the amount in controversy, should be aggregated. The amount in controversy requirement for purposes of diversity jurisdiction is met.

The question is whether there is complete diversity as required by 28 U.S.C. § 1332. Thomas, at the time suit was filed, was a citizen of the State of Illinois and, thus, not diverse to the decedent who was, at the time of his death, also a citizen of Illinois. Norfolk (both entities), a Virginia corporation with its principal place of business in Virginia, is diverse to the decedent. Norfolk nevertheless seeks to remove the case on the ground that the non-diverse defendant, Thomas, was fraudulently joined so his citizenship should be disregarded for determining whether there is complete diversity. The notice of removal is supported by Thomas's affidavit, and the motion to remand was timely filed. So the question becomes whether Thomas was fraudulently joined.

As an out-of-state defendant seeking to remove, Norfolk must clear a high hurdle to demonstrate fraudulent joinder. In the Seventh Circuit,

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

*Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). An alternative test for fraudulent joinder looks for outright fraud in plaintiff's pleading of jurisdictional facts. *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993).

In *Schwartz v. State Farm Mutual Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir.1999), the Seventh Circuit stated that although a plaintiff is normally free to choose his own forum, he may not join an

in-state defendant *solely* to defeat federal diversity jurisdiction. "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id.*, *quoting Poulos*, 959 F.2d at 73.

■ There is nothing novel about the claims in this complaint. Simmons alleges that his decedent was struck at a crossing by a Norfolk freight train near Worden, Illinois, and that he died as a proximate result of negligence on the part of Thomas and Norfolk. Norfolk's argument is that the affidavit of Thomas, the non-diverse defendant, establishes that he was not negligent and, thus, fraudulently joined. Indeed, his affidavit specifically denies each and every allegation that appears against him in the state court complaint.

So when does a notice of removal morph into a summary judgment motion? This is an interesting and important question. If Thomas obtains summary judgment under the more stringent state court standard on the basis of his affidavit, Norfolk will not be able to remove because of the involuntary dismissal rule. On the other hand, if removal is proper, this Court is bound to grant summary judgment to Thomas under the more relaxed federal standard. After all, the standard for finding fraudulent joinder is at least as stiff as for summary judgment. This in turn would require the entry of summary judgment in favor of Norfolk on all of its alleged vicarious liability, leaving only the alleged acts of independent negligence.

When this case was called for hearing, the Court directed the parties to *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914), and *Smallwood v. Illinois Central R.R. Co.*, 352 F.3d 220 (5th Cir.2003). The parties provided the Court with their supplemental responses which take into account these cases. (*See* Docs. 22, 23.)

■ The larger part of the case against Norfolk is based on the alleged negligence of Thomas. Was Thomas joined to defeat diversity jurisdiction? Simmons could sue Thomas alone and avoid even the threat of removal. On the other hand, he could sue only the railroad and ensure federal jurisdiction. But Simmons is not obligated to do one or the other. The only limitation is a prohibition against fraudulently joining a local defendant to defeat federal jurisdiction. When, as in this case, the diverse defendant's liability is based on the same acts of negligence as that of the local defendant, there is no fraudulent joinder. The case may be weak or even unfounded as to both defendants, but this is not a joinder problem that implicates federal jurisdiction considerations.

This is not a new problem for the federal courts. But the Supreme Court said long ago that "[i]n no case can the right of removal be established by a petition to remove which amounts simply to a traverse of the facts alleged in plaintiff's petition, and in that way undertaking to try the merits of a cause of action, good upon its face." *Southern Ry. Co. v. Lloyd*, 239 U.S. 496, 500, 36 S.Ct. 210, 60 L.Ed. 402 (1916). "There is nothing more than a traverse of the cause of action in the present case. The attempt was made to show that [the agent] could not have been guilty as charged because he was elsewhere on the train [when the injury giving rise to the case occurred] ... We conclude ... that the plaintiff has a right of action under the law of the state and to insist upon [the agent's] presence as a real defendant." *Chicago, Rock Island, & Pacific Ry. Co. v. Whiteaker*, 239 U.S. 421, 425, 36 S.Ct. 152, 60 L.Ed. 360 (1915).

The Court disagrees with Norfolk's reading of *Chesapeake & Ohio Railway*

*Company v. Cockrell.* There, the railroad and its engineer and firemen were joined as defendants. The Court said that fraudulent joinder can be established by "a statement of facts rightly engendering" fraudulent joinder. *Cockrell,* 232 U.S. at 152, 34 S.Ct. 278. But the Supreme Court held that the railroad's claim that its agents had not been negligent failed to establish fraudulent joinder to defeat diversity jurisdiction:

> The showing [of fraudulent joinder] manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say it indicated that the plaintiff's case was ill-founded as to all the defendants ... [and] it was not such as to require the state court to surrender its jurisdiction.

*Id.* at 153–54, 34 S.Ct. 278. It is clear that what the Supreme Court had in mind was a showing that the railroad's non-diverse agents were not involved in the accident. The railroad's removal papers did not deny "that the engineer and firemen were in the employ of the company, or that they were operating the train when it struck and injured [plaintiff's decedent]." *Id.* at 151, 34 S.Ct. 278. Because the engineer and firemen "admittedly were in charge of the movement of the train, and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company." *Id.* at 153, 34 S.Ct. 278.

Norfolk's argument puts the cart before the horse. A bad case against diverse and non-diverse defendants alike does not amount to fraudulent joinder. In such cases the non-diverse defendant is not joined to defeat diversity. Surely there are some cases where the Court can quickly and correctly determine that a defendant has been "fraudulently joined." For instance, the local defendant was not local at all, the local defendant had no connection with the occurrence, or there is no viable cause of action asserted against the local defendant. But that is not the case here. Simmons may well come through with proof of his case against Thomas, or he may come up short. At a minimum he has stated a cause of action under state law. In a case like this, that is enough.

Plaintiff's motion to remand (Doc. 14) is **GRANTED,** and this action is **REMANDED** to the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**